## EVANS *v.* STETTNISCH.

**ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.**

No. 279. Submitted April 27, 1893. — Decided May 10, 1893.

An affidavit made by one of plaintiff's attorneys, he having been represented in the progress of the case by two, for use on a motion for a new trial setting forth that an order of continuance had been vacated and the case set down for trial in his absence and without notice either to plaintiff or affiant, whereby plaintiff was prevented from presenting his evidence to the jury and deprived of a fair trial, cannot be considered in this court, on writ of error, because: (1) Such affidavit is no portion of the record, — it not having been incorporated in a bill of exceptions; (2) There is nothing to show that it was the only affidavit bearing upon the point in the files of the case; (3) Even if it were shown to have been the only affidavit it would not be sufficient to overthrow the recitals of the record that the parties appeared by their attorneys.

THE facts in this case are these: On November 10, 1884, plaintiff, now plaintiff in error, filed in the Circuit Court of the United States for the District of Nebraska an "amended and reformed petition." Nothing seems to have been done thereafter until 1887, when at the May term, and on the second day of May, the case was "ordered continued." On August 18, 1887, the record recites:

"On motion of defendants, leave is granted by the court to answer herein in ten days. Plaintiff is ruled to reply in twenty days, and it is ordered by the court that the continuance heretofore entered herein be, and the same is hereby, set aside and this cause stand for trial at the adjourned term of this court."

An answer was filed on August 20, 1887, and a reply on the

22d of September. On the 4th day of November appears an entry of a trial, with a verdict for the defendants, and judgment thereon. This entry opens with this recital: " Now come the parties herein, by their attorneys; and also come the following-named persons as jurors, to wit." On November 12 the plaintiff filed a motion to set aside the judgment, and for a new trial, on the ground that after the case had been continued the order of continuance had been vacated in the absence of his counsel, and without notice; and because he had no notice or information that the cause stood for trial at that term, and had thus been prevented from presenting his evidence to the jury. In support of this motion the affidavit of one of plaintiff's counsel was filed, which, after stating the fact of the continuance, and the order setting it aside, continued as follows :

" Said order was so obtained during the absence of plaintiff's counsel and without notice to plaintiff or to affiant that application would be made to the court for the vacation of said order of continuance, and no notice or information whatever was served upon or communicated to said plaintiff that said cause stood for trial at this term until on the 11th day of November, 1887, and after judgment had been entered therein."

The motion having been overruled, plaintiff sued out a writ of error from this court.

*Mr. John S. Gregory* for plaintiff in error.

No appearance for defendants in error.

Mr. JUSTICE BREWER, after stating the case, delivered the opinion of the court.

The record of the trial shows that the parties appeared by their attorneys; discloses no application for a postponement, no objection. to proceeding at the time, and no error in the course of the trial. As against this, there is an affidavit which, as certified by the clerk, is among the files in the case. For several reasons this is insufficient :

In the first place, only errors apparent on the record can be considered, and an affidavit filed for use on a motion is not part of the record, any more than the deposition of a witness used on the trial, and only becomes a part of the record by being incorporated in a bill of exceptions. *Stewart* v. *Wyoming Ranche Co.*, 128 U. S. 383; *Backus* v. *Clark*, 1 Kansas, 303; *Altschiel* v. *Smith*, 9 Kansas, 90; *Jenks* v. *School District*, 18 Kansas, 356; *Tiffin* v. *Forrester*, 8 Missouri, 642; *McDonald* v. *Arnout*, 14 Illinois, 58 ; *Smith* v. *Wilson*, 26 Illinois, 186.

In the second place, there is nothing to show that this was the only affidavit. The certificate of the clerk is simply " that the foregoing folios, from 1 to 13, contain true and faithful transcripts from the records and files of said court in the case of *Moses Evans* v. *Anna Stettnisch et al.*" This certificate may be true, and yet a dozen affidavits contradicting the statements in this have been filed and used on the motion.

In the third place, if it were affirmatively shown that there was only the one affidavit, that is not sufficient to overthrow the recital in the record. The record imports absolute verity; an affidavit of a witness does not; and when the court, which, in addition, may be supposed to have personal knowledge of the fact, sustains the recital in the record as against the statement in the affidavit, its ruling cannot on review be adjudged erroneous.

In the fourth place, the statements in the affidavit are not necessarily a denial of the truth of the recital in the journal entry of the trial. The plaintiff was represented, as shown by the pleadings, by two counsel. This affidavit is by one only, and it is that no notice was given to plaintiff or affiant. The other counsel may have had notice and appeared, and consented to everything that was done. If so, plaintiff has no semblance of a cause for complaint.

*The judgment is affirmed.*