## DIETZ v. LYMER.

(Circuit Court of Appeals, Eighth Circuit. May 7, 1894.)

### No. 351.

1. APPEAL—DISCRETION OF TRIAL COURT—NECESSITY OF BILL OF EXCEPTIONS.
   The discretion of the trial court in sustaining motions to make answers more certain, and to strike out parts of answers as indefinite, and imposing costs as a condition of amending an answer, will not be reviewed on writ of error; especially where there is no bill of exceptions to make such motions part of the record.

2. SAME—OBJECTIONS NOT RAISED BELOW—TRIAL BY REFEREE.
   On writ of error to review a judgment entered on a referee's report in an action at law, where there is no written stipulation waiving a jury, and nothing showing a reference under the state statute, and where there is no bill of exceptions, and no specific exception was taken to the overruling of exceptions to the referee's report or to the judgment thereon at the time it was entered, no question is presented for review. Investment Co. v. Hughes, 8 Sup. Ct. 377, 124 U. S. 157, followed.

In Error to the Circuit Court of the United States for the District of Nebraska.

This was a suit brought by the receiver of the City National Bank of Hastings, Neb., against Charles N. Dietz, one of its depositors, to recover a balance of $2,237.78, which was alleged to be due and owing to the bank. Attached to the petition as an exhibit was an itemized account of the transactions between the parties, which showed an overdraft by the depositor to the amount last above stated.

The defendant filed an answer to the petition, in which he denied that he was indebted to the bank in the sum claimed, or in any sum whatever. The defendant further pleaded that his business transactions with the City National Bank had been conducted by and through an agent of his by the name of Elsemore; that Elsemore only had authority to collect money for and in behalf of the defendant, which had been realized by the sale of lumber belonging to the defendant, and authority to deposit the same in said bank after paying certain incidental expenses, and to remit the moneys so collected and deposited, to the defendant, by checks drawn on said bank. The answer further charged, in substance, that the bank had full knowledge of the limited authority of the defendant's agent; and that, notwithstanding such knowledge, it discounted many notes which were by said agent offered for discount, some of which notes had been received in payment for lumber belonging to the defendant, and were indorsed by said Elsemore in the name of the defendant, and others of which were signed by Elsemore in the name of the defendant and as his agent. It was further alleged that the bank paid many checks which were drawn on said account by Elsemore for purposes wholly foreign to the defendant's business; and that, by means of such unauthorized transactions, the bank had enabled the defendant's agent to convert to his own use many thousands of dollars which were deposited to the credit of the defendant in said bank. The answer also averred that the pretended statement of account between the bank and the defendant, which was filed as an exhibit, was erroneous in many respects, for the reason that many debit and credit items had been omitted therefrom.

Pursuant to a motion filed in behalf of the plaintiff, the circuit court ordered the defendant to make his answer, in some respects, more definite and certain; but this order appears to have been ignored by the defendant's counsel, as no amended pleading was filed in obedience to said order. Subsequently the court sustained a motion of the plaintiff to strike out certain designated portions of the aforesaid answer which it had previously held to be indefinite and uncertain. At a later day, and without further pleadings, the case was committed to a referee for trial under the following order of reference:

"On this 15th day of November, A. D. 1892, the parties to this cause, by their respective counsel, in open court consenting thereto, it is ordered by the court that this cause be, and the same is hereby, referred to Eleazer Wakeley, who is hereby appointed referee, and required to proceed as expeditiously as possible to take the evidence, and find the facts at issue, and report the same, together with his conclusions of law thereon, to the court. Said referee shall fix the time and place of hearing, and give to each party, or to counsel for the party, ten days' notice thereof; and said referee shall have power to issue compulsory process for the attendance of witnesses, sign any true bill of exceptions, and make rulings and orders in the case, and exercise all of the powers that might be made and exercised by this court at any stage of the case, and shall give to each party five days' notice of the filing of his report herein.

"[Signed] Elmer S. Dundy, Judge."

The referee in due time filed his report, containing an elaborate finding of facts and a single conclusion of law, wherein he recommended that the plaintiff's action should be dismissed. After the report had been filed, the defendant asked leave to file an amended answer, which leave was granted, on condition that the defendant pay all the costs that had accrued since the entry of a previous order granting leave to the defendant to file an amended answer. The defendant did not avail himself of the leave to amend his answer on the

condition last stated. Thereafter the case came on to be heard in the circuit court upon exceptions to. the referee's report, which appear to have been taken by both parties; and, on the hearing thereof, the circuit court overruled those exceptions which had been filed by the defendant, and sustained those which had been interposed by the plaintiff. At the same time, it rendered a judgment in favor of the plaintiff, for $787.24, upon the report of the referee as it stood, after certain findings had been overruled and certain findings had been confirmed, without recommitting the report of the referee, and without any written stipulation being on file waiving a jury. To reverse that judgment, the defendant below sued out a writ of error.

C. S. Montgomery, Paul Charlton, and M. A. Hall filed brief for plaintiff in error.

Westel W. Morsman filed brief for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge, after stating the facts as above, delivered the opinion of the court.

The defendant below has assigned for error the action of the circuit court in sustaining the several motions to make the answer more certain, and to strike out parts of the answer because they were too indefinite. He has also assigned for error the action of the trial court in requiring the defendant to pay certain costs as a condition precedent to filing an amended answer after the referee's report had been returned into court. These assignments of error cannot be noticed in this court, for the reason that they relate to matters in which the action of the trial court was purely discretionary, like its action upon a motion for a new trial or a motion for a continuance. In the federal appellate courts the propriety of orders of this nature will not be reviewed on a writ of error. Doswell v. De La Lanza, 20 How. 29, 32; Mulhall v. Keenan, 18 Wall. 342; Railroad Co. v. Howard, 1 C. C. A. 229, 49 Fed. 206; Railway Co. v. Heck, 102 U. S. 120; Davis v. Patrick, 6 C. C. A. 632, 57 Fed. 909, 913, and citations. Moreover, motions of this character form no part of the record, unless they are made such by a bill of exceptions; and no bill of exceptions was signed or allowed, so far as the record shows, either when the orders in question were made or afterwards. Jefferson City v. Opel, 67 Mo. 394; Marquis v. Clark, 64 Mo. 601.

It is further assigned for error that the circuit court improperly sustained the plaintiff's exceptions to portions of the referee's report, and erroneously entered a judgment against the defendant upon said report for the sum of $787.24. The last-mentioned assignment is met and overcome by the decision of the supreme court of the United States in Investment Co. v. Hughes, 124 U. S. 157, 8 Sup. Ct. 377. In that case, as in the one at bar, there was no allusion made to the state code of procedure in the order of. reference, and for that reason it seems to have been held that the reference should be regarded as a common-law reference, and not as a reference under the statute of the state regulating references. Furthermore, there is no bill of exceptions in the present record, and for that reason the testimony taken by the referee and by him reported

is not before us. Neither does it appear from the record that the action of the circuit court in entering a judgment for the plaintiff on the referee's report, after it had been modified, was excepted to or challenged on the ground that the circuit court had no authority to enter such a judgment. It is true that in the judgment entry there is a notation to the effect that "the defendant, by his counsel, now excepts," but on what ground the exception was predicated we are not advised. It may have been urged, and such was most likely the contention of the defendant in the circuit court, that the judgment was erroneous, because the court had erred in overruling some of the referee's findings of fact. At all events, there is nothing in the record which indicates that the defendant contested the right of the court, on the hearing of the exceptions, to enter a judgment against the defendant without recommitting the case to the referee. For aught that appears, the defendant simply contended that the referee's report should be confirmed, and that his conclusion of law should be adopted, because all of his findings were sustained by the testimony, and that the judgment was erroneous because the court did not adopt that view. In the light of what has been said, we are unable to distinguish the case at bar from the one heretofore cited,—Investment Co. v. Hughes, supra. In that case it appears to have been ruled that the record presented no question which the supreme court could review on writ of error, because there was no bill of exceptions, no written stipulation waiving a jury, and because no specific exception had been taken to the judgment at the time it was entered, on the ground that the trial court should have recommitted the case to the referee when the exceptions to his report were sustained. It is obvious, we think, that the same defects exist in the present record; and, following the ruling thus made in the case heretofore cited, the judgment of the circuit court must be, and the same is hereby, affirmed.