HILDRETH et al. v. GRANDIN et al.

(Circuit Court of Appeals, Eighth Circuit. November 6, 1899.)

No. 1,237.

APPEAL—RECORD—WHEN BILL OF EXCEPTIONS IS NECESSARY.

When a motion is presented to a trial court which raises issues of fact to be determined on evidence, the action of the court cannot be reviewed on a writ of error, unless a bill of exceptions embodying the motion and the proofs is duly settled, signed, and filed, so as to show to the appellate court, in an authentic manner, on what state of facts such action was predicated.

In Error to the Circuit Court of the United States for the District of North Dakota.

B. E. Ingwaldson, for plaintiffs in error.

John Carmody (C. E. Leslie, on the brief), for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. The record in this case which we are called upon to review contains the following pleadings, orders, affidavits, and exhibits, in which the error complained of is supposed

to inhere: First. A complaint in an action of ejectment which appears to have been instituted by John L. Grandin and William J. Grandin against E. G. La Bar (all of whom are defendants in error) in the circuit court of the United States for the district of North Dakota. Second. An amended answer to said complaint which appears to have been filed in behalf of the defendant La Bar by his attorneys, S. B. Pinney, M. A. Hildreth, and B. E. Ingwaldson, who are the plaintiffs in error. Third. A reply which appears to have been filed in said cause on October 24, 1898, wherein it was alleged, in substance, that by a stipulation in writing made on October 7, 1898, the parties plaintiff and defendant to said cause had mutually agreed that said action should be settled and dismissed. Fourth. An order of court which appears to have been made in pursuance of said stipulation on October 24, 1898, directing that the action be dismissed, without costs. Fifth. A notice signed by S. B. Pinney, as attorney for the defendant, which was addressed to John L. Grandin and William J. Grandin and their attorneys, and to E. G. La Bar and Matilda La Bar, notifying them of a motion which was to be made in said cause on January 2, 1899, to vacate the aforesaid judgment, and to open up said cause, and to determine and adjudicate the rights of the defendants' attorneys therein. Sixth. An affidavit made by B. E. Ingwaldson, which appears to have been filed in support of the aforesaid motion, wherein it was charged, in substance, that on the 7th day of October, 1898, without the knowledge or consent of his attorneys, Edward G. La Bar, the defendant in said ejectment suit, had surreptitiously, and with intent to avoid the payment of the fees that were then due to his attorneys for services in said cause, collusively entered into a stipulation with the plaintiffs therein to dismiss said action. Attached to said affidavit, as an exhibit, was a copy of the stipulation between the parties to said ejectment suit, in pursuance of which the action had been dismissed, and a copy of a quitclaim deed that had been executed to carry said stipulation into effect. Seventh. Two affidavits made by J. L. Grandin and by C. E. Leslie, his attorney, wherein it was denied that the plaintiffs in said ejectment suit had entered into a collusive agreement with the defendant therein to settle said cause to avoid the payment of fees due to the defendant's attorneys, and wherein it was further stated, in substance, that the agreement for a settlement of the cause had been entered into by the plaintiffs in good faith for the purpose of adjusting their controversy with the defendant, and without notice of any indebtedness being due from the defendant to his attorneys on account of fees earned in the defense of said action. Eighth. An order which appears to have been entered by the circuit court of the United States for the district of North Dakota, wherein said ejectment suit was pending, denying the aforesaid application of the defendant's attorneys to vacate the aforesaid judgment, and to open up the cause for further proceedings. Ninth. An assignment of errors, wherein it is asserted that prejudicial error was committed by the lower court in refusing to vacate the aforesaid judgment that had been entered in the ejectment suit.

The foregoing is a statement in brief of all the proceedings which the record discloses. No exception appears to have been taken to the order of the lower court denying the motion to vacate the judgment when such order was entered. Moreover, and what is of more importance, no bill of exceptions was settled, signed, and filed for the purpose of making the motion to vacate the judgment, and the testimony offered in support thereof and in opposition thereto, a part of the record, as should have been done to obtain a review of the order denying the motion to vacate. This court has heretofore held, and such is the well-established rule, that, when a motion is presented to a trial court which presents issues of fact for determination by that court on evidence adduced by the respective parties, the action of the trial court cannot be reviewed on a writ of error, unless a proper bill of exceptions, embodying the motion and the proofs, is duly settled, signed, and filed, so as to show to this court, in an authentic form, on what state of facts the action of the trial court was predicated. Dietz v. Lymer, 19 U. S. App. 667, 10 C. C. A. 71, 61 Fed. 792; Manufacturing Co. v. Johnson, 60 U. S. App. 661, 32 C. C. A. 309, 89 Fed. 677, 679; Stewart v. Ranch Co., 128 U. S. 383, 9 Sup. Ct. 101, 32 L. Ed. 439; Evans v. Stettnisch, 149 U. S. 605, 607, 13 Sup. Ct. 931, and 37 L. Ed. 866; State v. Hemrick, 62 Iowa, 414, 17 N. W. 594. In the present case there was apparently an issue of fact as to whether the ejectment suit had been settled by collusion between the parties thereto for the purpose of depriving the defendant's attorneys of their lawful fees. There may have been an issue of fact as to whether the defendant La Bar owed his attorneys, who have sued out the present writ of error, any sum of money on account of fees; and there may have been other questions of fact which were tried and determined, and on the strength of which the objectionable order was entered. In the absence of a bill of exceptions showing in an authentic form what did occur, and making all of the proceedings and testimony in the lower court a part of the record, we do not know on what evidence the order was predicated. And as the presumption must be indulged, in the absence of an authentic showing to the contrary, that the action of the trial court was right, the order made by that court must be affirmed, and it is so ordered.