WORTHINGTON v. McGOUGH.

(Circuit Court of Appeals, Sixth Circuit. January 3, 1912.)

No. 2,139.

1. APPEAL AND ERROR (§ 544*)—MATTERS APPARENT OF RECORD—BILLS OF EXCEPTIONS—NECESSITY.

Error, if any, in granting plaintiff's motion for a nonsuit before submission of the case, on announcement by the court that he would sustain a motion for the direction of a verdict for defendant, being apparent on the face of the record, was reviewable without a bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2426; Dec. Dig. § 544.*]

2. DISMISSAL AND NONSUIT (§ 6*)—DISCRETION.

Under Gen. Code Ohio, § 11,586, providing that an action may be dismissed without prejudice by the plaintiff before its final submission to the jury, whether plaintiff should be permitted to dismiss on an intimation from the court that he would sustain a motion for a directed verdict for defendant, in order that plaintiff might bring another action in the state court, was a matter for the exercise of the trial court's discretion.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 13, 14; Dec. Dig. § 6.*]

3. APPEAL AND ERROR (§ 927*)—MATTERS OF DISCRETION—VOLUNTARY NONSUIT—REVIEW.

Where the record on a writ of error to review an order permitting plaintiff to take a voluntary nonsuit before submission of the case to a jury merely showed that the only purpose of the trial judge was to permit plaintiff to raise the same issue in the state court, and gave no information as to why such course was pursued, and did not show for

what reason plaintiff's case was thought to have failed, it did not appear that the trial court's discretion had been abused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 4024; Dec. Dig. § 927.*]

In Error to the Circuit Court of the United States for the Western Division of the Northern District of Ohio.

Action by Peter McGough, as administrator of the estate of Peter Fuhrman, against B. A. Worthington, as receiver of the Wheeling & Lake Erie Railroad Company. From an order granting plaintiff's motion for a nonsuit before submission, defendant brings error. Affirmed.

C. A. Seiders, for plaintiff in error.
C. A. Thatcher, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge. The action below was brought by the administrator, as plaintiff, against the receiver, as defendant, and we will refer to the parties according to their positions in the trial court. The plaintiff sought damages for the death of his decedent, caused, as plaintiff claimed, by defendant's negligence. At the close of plaintiff's evidence, the defendant moved for a directed verdict. After argument, the judge announced his intention to sustain the motion. Then the plaintiff moved to withdraw a juror, in order that he might have an opportunity to dismiss the cause and bring another action upon the same facts in a state court. This motion was allowed, and a juror was withdrawn, the remainder of the jury discharged, and the cause dismissed upon plaintiff's motion, without prejudice to the bringing of another action in one of the courts of the state. The defendant, claiming that he was entitled to a verdict, and a final judgment in his favor, brings this proceeding, and assigns error upon the action recited.

[1] The record contains no bill of exceptions, and does not show any exception to the action of the court in granting plaintiff's motion to withdraw a juror, or in allowing the case to be dismissed as it was. It is objected that, for lack of such exception, the error assigned cannot be considered. We think the case did not require any bill of exceptions. The entire action of the court is recited upon the face of the judgment entry, so that it fully appears upon the record, and no exception is required to raise the question whether the record in the case supports the challenged judgment. Chicago, R. I. & P. Ry. Co. v. Barrett, 190 Fed. 118, 123 (C. C. A. 6).

[2] We recently quite fully considered the situation which arises when the court has announced its intention to direct a verdict against the plaintiff, and when the plaintiff then seeks voluntarily to dismiss. This was in Knight v. Ill. Cent. R. R. Co., 180 Fed. 368, 103 C. C. A. 514. The statute of Kentucky, there considered, which declared that plaintiff had the right of dismissal at any time prior to final submission to the jury, is identical in language with the Ohio statute here

involved (Ohio Gen. Code, § 11,586). In that case we held that such a statute was applicable in the federal courts sitting in that state, and that the federal courts must follow the rule of construction adopted by the courts of that state. We are now told that the Supreme Court of Ohio, in Turner v. Pope Motor Car Co., 79 Ohio St. 153, 86 N. E. 651, has construed this statute, and has held that under such circumstances the defendant is entitled to have judgment entered in his favor. If that is the ruling of the Ohio Supreme Court, the action of the trial court herein was error; but if the decision of the Ohio Supreme Court does not apply to such a situation as that now under review, then we must follow our own view of the statute's meaning.

The question here involved is, not whether the plaintiff had the arbitrary right to discontinue without prejudice, but whether the trial court had the power to permit plaintiff so to do—a very different question. In the Turner Case the trial court had refused the plaintiff this privilege, the plaintiff had alleged error, and no point was decided, excepting that the plaintiff did not have the absolute right to take this course.

We think the statute was not intended to prevent a trial judge from permitting such a discontinuance, when, in his discretion, he thinks the plaintiff should have another opportunity to present the case. It seems obvious that if, at the close of plaintiff's case, it lacks some essential element, so that a verdict against him must be directed, and this conclusion has been announced by the judge, it may often be entirely proper that the court should open up the case, and permit further proof to cure the defect, and that in a proper case the court can, and should, by withdrawing a juror, bring about a continuance, and another trial. If the court has the power so to withdraw a juror, for the purpose of giving the plaintiff another trial in the same court, the same power must exist, though the purpose of its exercise is different. We are satisfied that in a case like this the only question existing for review is whether there was an abuse of discretion.

[3] Coming to this question, the record advises us that the only purpose of the trial judge was to permit the plaintiff to try the same issue in another court; but it gives us no information as to why he thought proper to take this course. It does not show for what reason the plaintiff's case was thought to have failed. Under such a record, we cannot say that the trial judge abused his discretion, unless we can say that there could be no reason supporting its exercise in the manner in which it was exercised; and this, we are clear, we cannot do.

The judgment of dismissal without prejudice must be affirmed, with costs.

We have not considered whether such an order of dismissal is a final judgment which can be reviewed by writ of error. This question was not raised, and it does not seem, in this case, so important as to require examination.