## CHICAGO GREAT WESTERN R. CO. v. LE VALLEY.

(Circuit Court of Appeals, Eighth Circuit.   April 18, 1916.)

No. 4459.

1. COURTS ⚖︎356—FEDERAL COURTS—REVIEW—MATTERS REVIEWABLE.

    What is necessary to be done in a federal District Court to render rulings reviewable is determined by federal statutes, and, where they are silent, by the common-law practice prevailing in the federal courts.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. ⚖︎356.]

2. APPEAL AND ERROR ⚖︎544(1)—BILL OF EXCEPTIONS—NECESSITY.

    In the federal courts in actions at law a bill of exceptions, stating the ruling and the exception, settled and signed by the trial judge, is indispensable to the review of rulings on motions, oral or written, to strike out pleadings, as well as rulings on motions based on the evidence, or requests for instructions.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2412; Dec. Dig. ⚖︎544(1).]

3. EXCEPTIONS, BILL OF ⚖︎56(1)—SUFFICIENCY—CERTIFICATE.

    The clerk of the court cannot make exceptions a part of the record, and reviewable, by writing them into the journal of the proceedings of the trial court, without the approving certificate or signature of the trial judge.

    [Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 94; Dec. Dig. ⚖︎56(1).]

4. APPEAL AND ERROR ⚖︎544(1)—RECORD—REVIEW.

    A written motion for a directed verdict on four specified grounds was filed at the close of the evidence, and a copy of it appeared in the printed transcript. There also appeared in the transcript a copy of the clerk's journal of the proceedings at the trial, which contained a recital that the written motion was made "upon the grounds stated in said motion," that it was denied, and that an exception was taken; but the bill of exceptions which recited the evidence at the trial contained no reference to the motion, the ruling thereon, or the exception. *Held* that, as the grounds of the written motion, the written motion itself, the ruling thereon, and the exception thereto were not preserved by the bill of exceptions, they were not a part of the record, and the ruling was not reviewable.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2418–2420, 2422–2426; Dec. Dig. ⚖︎544(1).]

In Error to the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

On motion for rehearing.   Motion denied, and former decision upheld.

For former opinion, see 227 Fed. 1016, 141 C. C. A. 664.

Donald Evans, George H. Carr, and Fred P. Carr, all of Des Moines, Iowa, for plaintiff in error.

E. P. Andrews and B. H. Mallory, both of Hampton, Iowa, for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

⚖︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SANBORN, Circuit Judge. The motion for rehearing in this case presents but a single question, and that is whether or not the motion for a directed verdict, the denial thereof, and the exception to that ruling were so presented to this court in the transcript that under the rules and practice of the federal courts this court could lawfully take cognizance of the ruling and exception, and, if the former was erroneous, correct it. The action was for damages for the death of an employé of the railroad company. It was tried by a jury, and a judgment against the company resulted. The transcript contained a copy of a bill of exceptions, which recited the evidence at the trial, but contained no reference to or recital of the motion for a directed verdict, the ruling thereon, or the exception thereto; but in a copy of the journal of the proceedings of the court during the trial, set forth in the transcript, there appeared a recital that in the course of the trial, upon the consideration of defendant's filed motion at the conclusion of its evidence to direct the jury to return a verdict for it, the motion was denied, and the defendant excepted, and a copy of the filed motion to direct a verdict for the defendant appears in the transcript. When the case came on for argument, this court was of the opinion that it was essential to its cognizance of the motion, ruling, and exception that they should have been embodied in a bill of exceptions certified by the trial judge over his signature, and for that reason the court disregarded this ruling and exception and affirmed the judgment below. Counsel for the railroad company contend that herein was error, and that the motion, ruling, and exception were sufficiently presented to this court by the copy of the record of the proceedings of the day in the journal of the proceedings.

[1-4] They concede that an exception to the ruling of the court was indispensable to its review, and the question is whether or not a recital of this ruling and of the exception in the journal of the proceedings, without the embodiment of them and the written motion in a bill of exceptions, is sufficient to invoke the jurisdiction of the appellate court to review the ruling. In support of an affirmative answer to this question counsel cite St. Joseph Stockyards Company v. United States, 187 Fed. 104, 105, 110 C. C. A. 432, 433; but the question here at issue was not presented or decided in that case, for the issue there was whether or not a special finding of the court sustained the judgment rendered thereon, and that issue arises upon the special finding without objection or exception thereto. Worthington v. McGough, 192 Fed. 512, 513, 112 C. C. A. 662, 663. In that case at the close of the trial, on the motion of the plaintiff, a juror was withdrawn and the case was dismissed without prejudice to another action, and no exception was taken or bill of exceptions made, and the appellate court reviewed the action of the trial court. But in that case the entire action of the court was recited upon the face of the judgment entry, and the court held that the action of the court thereby fully appeared as a part of the record, and that no exception was required to enable the court to review it, citing Chicago, Rock Island & Pacific Ry. Co. v. Barrett, 190 Fed. 118, 123, 111 C. C. A. 158, 163. When, however, the latter case is examined, it will be found that it does not sustain that conclusion, nor an affirmative answer to

the question here' at issue. The court merely held in that case that a special finding of facts by the trial court in a case in which a jury had been waived is a part of the record itself, and that without objection, exception, or bill of exceptions the finding presents for review under section 700 of the Revised Statutes (Comp. St. 1913, § 1668) the question whether or not it supports the judgment rendered upon it. Denver v. Home Savings Bank, 236 U. S. 101, 103, 104, 35 Sup. Ct. 265, 59 L. Ed. 485. But that case arose upon a demurrer to a defense in an answer. It fails to rule the issue in hand, because it rests on the established and familiar rule that no exception or bill of exceptions is required to present to an appellate court for review a ruling upon a demurrer to a pleading. Nalle v. Oyster, 230 U. S. 165, 167, 33 Sup. Ct. 1043, 57 L. Ed. 1439. In Nalle v. Oyster, the Supreme Court said:

"The practice of bills of exception is statutory. By the ancient common law a writ of error lay only for an error in law apparent upon the judgment roll —what is now called the 'strict record'—or for an error in fact, such as the death of a party before judgment. See Green v. Watkins, 6 Wheat. 260, 262 [5 L. Ed. 256]. For an erroneous decision that did not appear upon the record there was no redress by writ of error."

What is necessary to be done in a District Court of the United States to render rulings reviewable is determined exclusively by the statutes of the United States, and, if they be silent, by the common law and the practice prevailing in the courts of the United States. Chateaugay Iron Co., Petitioner, 128 U. S. 544, 553, 555, 9 Sup. Ct. 150, 32 L. Ed. 508; St. Clair v. United States, 154 U. S. 134, 153, 14 Sup. Ct. 1002, 38 L. Ed. 936; Ghost v. United States, 168 Fed. 841, 843, 94 C. C. A. 253, 255. A federal appellate court considers only such matters as appear in the record. "From time immemorial," says the Supreme Court, "that has been held to include the pleadings, the process, the verdict, and the judgment, and such other matters as by some statutory or recognized method have been made a part of it." Metropolitan Railroad Co. v. District of Columbia, 195 U. S. 322, 332, 25 Sup. Ct. 28, 32 (49 L. Ed. 219). Exceptions to the rulings of the court in the course of the trial of a case, exceptions to the rulings of the court upon motions conditioned upon the evidence, may be made a part of the record by a bill of exceptions certified and signed by the judge, but the clerk of the court may not make them part of the record by writing them into his minutes or journal of the proceedings. In Young v. Martin, 75 U. S. (8 Wall.) 354, 357 (19 L. Ed. 418), the Supreme Court said:

"It is no part of the duty of the clerk to note in his entries the exceptions taken, or to note any other proceedings of counsel, except as they are preliminary to, or the basis of, the orders or judgment of the court. To be of any avail, exceptions must not only be drawn up so as to present distinctly the ruling of the court upon the points raised, but they must be signed and sealed by the presiding judge. Unless so signed and sealed, they do not constitute any part of the record which can be considered by an appellate court."

The sealing of such bills of exception is no longer necessary, but the authentication of them by the signature of the judge is still required.

It is a familiar and an established rule of practice of the federal courts that in actions at law a bill of exceptions, stating the ruling and the exception, settled and signed by the trial judge, is indispensable to the review of rulings upon motions, oral or written, to strike out parts of pleadings, rulings upon motions based on affidavits or evidence and rulings on written or oral requests for instructions to the jury founded upon evidence.   Dietz v. Lymer, 61 Fed. 792, 794, 10 C. C. A. 71, 73; Hildreth v. Grandin, 97 Fed. 870, 872, 38 C. C. A. 516, 518; Ghost v. United States, 168 Fed. 841, 842, 94 C. C. A. 253, 254; England v. Gebhardt, 112 U. S. 502, 504, 505, 5 Sup. Ct. 287, 28 L. Ed. 811; Evans v. Stettnisch, 149 U. S. 605, 13 Sup. Ct. 931, 37 L. Ed. 866; Metropolitan R. R. Co. v. District of Columbia, 195 U. S. 322, 324, 330, 25 Sup. Ct. 28, 49 L. Ed. 219. And neither the filing of a written motion founded on evidence, nor the recital by the clerk in his record of the proceedings of the trial of a case of such a motion, or of an exception to a ruling upon it, makes them a part of the record in the case, so that an appellate court may review the ruling.   Thus in Dietz v. Lymer, 61 Fed. 749, 10 C. C. A. 71, and Ghost v. United States, 168 Fed. 841, 842, 94 C. C. A. 253, 254, this court held that a bill of exceptions was indispensable to make motions to strike out parts of pleadings parts of the records.   In Hildreth v. Grandin, 97 Fed. 870, 872, 38 C. C. A. 516, 518, where an attempt was made to review an order on a motion founded on an affidavit and a judgment, this court declared that:

"When a motion is presented to a trial court which presents issues of fact for determination by that court on evidence adduced by the respective parties, the action of the trial court cannot be reviewed on a writ of error, unless a proper bill of exceptions, embodying the motion and the proofs, is duly settled, signed, and filed, so as to show to this court, in an authentic form, on what state of facts the action of the trial court was predicated."

In England v. Gebhardt, 112 U. S. 502, 503, 505, 5 Sup. Ct. 287, 288 (28 L. Ed. 811), the Supreme Court refused to review an order based on affidavits and the opinion of the court, all of which were filed in the court below and set forth in the transcript, and held that a bill of exceptions was essential to bring each of them into the record, although by one of the rules of that court a copy of the opinion filed was required to be and was annexed to and transmitted with the record.   The court declared that the attachment and transmission of the opinion did not of itself make it a part of the record below and that "the mere fact that a paper is found among the files in a cause does not of itself make it a part of the record.   If not a part of the pleadings or process in a cause, it must be put into the record by some action of the court."   To the same effect is Evans v. Stettnisch, 149 U. S. 605, 607, 13 Sup. Ct. 931, 37 L. Ed. 866.   And in Metropolitan R. R. Co. v. District of Columbia, 195 U. S. 322, 324, 330, 25 Sup. Ct. 28, 49 L. Ed. 219, the Supreme Court held that written requests for instructions to the jury, on file in the court below and marked "Rejected, with permission to present later," a petition regarding evidence and a recital that the court granted the prayer of the petition, copies of all of which appeared in the transcript, formed no part of the record which could be considered by the appellate court, in the

absence of a bill of exceptions containing them, allowed and authorized by the judge.

In the case in hand the recital of the motion for a directed verdict in the record of the proceedings at the trial in the journal merely states that the motion was made "upon the grounds stated in said motion." The copy of the written motion, which appears to have been filed in the District Court and which has not been made a part of the record, contains four specific grounds. This court cannot consider the grounds of the motion which are not a part of the record, and hence cannot consider the question which the motion presented. The clerk is without power to make an exception a part of the record without the certificate of the judges, as we have seen.

In view of the state of the record before this court, and of the rules of practice and the decisions of the federal courts to which reference has been made, the court is still of the opinion that in the absence of a bill of exceptions embodying the motion for a directed verdict and the grounds stated therein, together with the exception to the ruling thereon, these form no part of the record which this court is authorized to review, and the motion for a rehearing is denied