## MAXWELL v. RICKS.

(Circuit Court of Appeals, Ninth Circuit. December 17, 1923.)

No. 4088.

1. **Appeal and error ⬦251, 544(1), 850(1)—Judgment rendered on question of law held reviewable without exceptions, finding, or bill of exceptions.**

A judgment which shows on its face that the only question decided was the construction of a certain statute, on which the judgment was based, is reviewable by the appellate court without exceptions during the trial, a finding other than a general one, or a bill of exceptions.

2. **Courts ⬦371(1)—Mortgages ⬦218—Holder of note secured by mortgage may waive security and sue on note in any court having jurisdiction.**

Code Civ. Proc. Cal. § 726, providing that there can be but one action for the recovery of any debt or the enforcement of any right secured by a mortgage on real property, which action must be one for foreclosure and sale, is but a limitation on the remedy in the courts of California, and cannot affect the right of the holder of a promissory note, secured by mortgage, to waive the security and sue on the note in a court of another jurisdiction, or in a federal court which has jurisdiction of the parties.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action at law by J. W. Maxwell against Eva L. Ricks. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

For opinion below, see 285 Fed. 656.

Carroll B. Graves, of Seattle, Wash., for plaintiff in error.

C. A. Riddle, of Seattle, Wash., and Theo. J. Roche, of San Francisco, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Maxwell brought this action upon two promissory notes executed and delivered by Eva L. Ricks to one Moore at San Francisco. The debt was secured by a mortgage to Moore made in California by Eva L. Ricks upon certain real estate in California. Moore, payee of the notes, before maturity indorsed and

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

delivered them to Maxwell, plaintiff in error here, who is a citizen and resident of the state of Washington, and Maxwell thereafter brought this action against the maker, alleging that the property mortgaged by Eva L. Ricks to secure the debt had no market value, and offering to tender the instrument in court and retransfer to Eva L. Ricks. Defendant Ricks denied that the security was without value, and set up that the notes were given without consideration, based upon allegations of fraud alleged to have been practiced by the payee Moore, and also alleging that neither the plaintiff nor the payee had brought any action for the foreclosure of the mortgage, as required by part 2, title 10, chapter 1, of the California Code of Civil Procedure. After trial to the court the action was dismissed, and judgment went for defendant upon the ground that, the notes having been executed in California and having been secured by a mortgage on lands in that state, suit in foreclosure should first be brought in California and the mortgage security exhausted before the initiation of any other suit or proceeding. To review the decision, Maxwell brought writ of error.

[1] Defendant in error has moved to dismiss the writ because no exceptions were taken to the rulings of the court during the progress of the trial, no bill of exceptions appears in the record, and because the record fails to show any finding made by the court except a general one in favor of the defendant. But, inasmuch as it appears from the judgment itself that the only question decided by the court was a construction of a certain statute of the state of California, and judgment was rendered for the defendant solely upon the decision of that point, the question whether there is support for the judgment as challenged by the plaintiff in error is before us. Moline Plow Co. v. Webb, 141 U. S. 616, 12 Sup. Ct. 100, 35 L. Ed. 879; Worthington v. McGough, 192 Fed. 512, 112 C. C. A. 662. If plaintiff had sought to recover the debt in the courts of California, his action and remedy would have been controlled by part 2, title 10, chapter 1, of the California Code of Civil Procedure, which provides that there can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property, which action must be by proceedings in foreclosure and sale; and, as in the courts of the state there could be but one such action, plaintiff could not waive his right to proceed in foreclosure and exhaust the security given, even though such mortgage security might prove valueless. Barbieri v. Ramelli, 84 Cal. 154, 23 Pac. 1086; Hibernia Bank v. Thornton, 109 Cal. 427, 42 Pac. 447, 50 Am. St. Rep. 52.

[2] But those rulings do not affect the present case. The right to contract the debt here sued upon and to give the notes was in no way conferred by the statutes of the state of California. It was a common-law right, and action to recover money due on the notes is of a transitory character, maintainable "wherever a court may be found that has jurisdiction of the parties and the subject-matter." Dennick v. Railroad Co., 103 U. S. 11, 18, 26 L. Ed. 439. Nothing in the California statute limits the obligations upon the contract itself, or imposes conditions upon the exercise of jurisdiction to pursue any

remedy available to enforce it outside of the state. Felton v. West, 102 Cal. 266, 36 Pac. 676. We cannot apply the argument that the right to have the security taken in satisfaction of the notes upon foreclosure is a substantial right "going to the substance of the transaction itself, and belongs to the constitution of the contract," so as to exclude the jurisdiction of the federal court in another jurisdiction. Granting the full force of the principle that in every forum a contract is governed by the law with a view to which it was made, and that as to its validity and operation the contract between Ricks, plaintiff, and Moore, is governed by the law of California, the place where it was made, still the enforcement of the payment of the debt evidenced by the notes is but a remedy, limited, as already said, in an action brought in the courts of California, but not so united with the common-law right as to preclude the maintenance of an action on the debt in the federal court, if the necessary diversity of citizenship exists.

In Tennessee Coal Co. v. George, 233 U. S. 354, 34 Sup. Ct. 587, 58 L. Ed. 997, L. R. A. 1916D, 685, George, an engineer of the coal company, employed in Alabama, was injured. He brought suit by attachment in Georgia, founding his action upon a section of the Alabama Code (3910) which makes the master liable to the employé when the injury is caused by any defect in or condition of the ways, works, machinery, or plant connected with the business of the master or employer. By plea in abatement the coal company set out that under section 6115 the Alabama Code provided that an action brought under section 3910 must be brought in a court of competent jurisdiction within the state of Alabama and not elsewhere. The argument was that to continue the case on the statutory cause of action given by the statutes of Alabama and restricted by the statutes of that state to the courts of Alabama would be a denial, so far as the rights of the coal company were concerned, of full faith and credit to the public acts of the state of Alabama in the state of Georgia, contrary to the provisions of article 4, § 1, of the Constitution of the United States. The court in considering the single question whether, under the constitutional clause referred to, the courts of Georgia were prohibited from enforcing a cause of action given by the Alabama Code, when another section of the same Code provided that suits to enforce such a liability must be brought in a court of competent jurisdiction within Alabama "and not elsewhere," held that the cause of action was transitory, and like any other transitory action could be enforced in any court of competent jurisdiction within the state of Alabama, but that, while the courts of the sister state would be bound to give full faith and credit to all those substantial provisions of the statute which inhered in the cause of action, or which name conditions on which the right to sue depends, yet that venue is no part of the right, and that a state—

"cannot create a transitory cause of action and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction. That jurisdiction is to be determined by the law of the court's creation and cannot be defeated by the extraterritorial operation of a statute of another state, even though it created the right of action."

The court cited Atchison, etc., v. Sowers, 213 U. S. 55, 29 Sup. Ct. 397, 53 L. Ed. 695, to support the general rule that a transitory cause of action can be maintained in another state, even though the statute creating the cause of action provides that the action must be brought in local domestic courts. The most recent pertinent decisions are Terral v. Burke Construction Co., 257 U. S. 529, 42 Sup. Ct. 188, 66 L. Ed. 352, 21 A. L. R. 186, and Chicago, Milwaukee & St. Paul R. Co. v. Schendel (C. C. A. 8) 292 Fed. 326.

Plaintiff, having a right to sue on the debt in the federal court in Washington, could waive the security and enforce the obligation by means of any remedy given by the law of the forum (Simon v. Southern R. Co., 236 U. S. 115, 35 Sup. Ct. 255, 59 L. Ed. 492), and there is nothing in the statute of California which indicates an attempt to impair the obligation of the debt or the transitory character thereof, or to impinge upon the right of the owner and holder of the note to proceed in any court to which he might resort under the laws of the United States. Railway Co. v. Whitton, 80 U. S. (13 Wall.) 270, 286, 20 L. Ed. 571.

We must therefore reverse the judgment and remand the case, with directions to proceed in accordance with the views herein indicated. So ordered.

---

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes