## WOODS v. FRENCH, SHRINER & URNER.

(District Court, W. D. Washington, N. D. March 24, 1925.)

No. 7379.

**Bankruptcy ⬳177—Transfer of property held not subject to avoidance by trustee.**

Delivery of a draft by an insolvent corporation, more than four months prior to its bankruptcy, to a creditor, in payment of a past indebtedness, in the state where the creditor was doing business and where an insolvent corporation may lawfully prefer creditors, and delivery of the draft constituted payment, *held* not a transfer of property avoidable by the trustee, under Bankruptcy Act, § 70e (Comp. St. § 9654).

At Law. Action by B. T. Woods, trustee in bankruptcy of the White Shoe Company, against French, Shriner & Urner, a corporation. Judgment for defendant.

Battle, Hulbert, Gates & Helsell, of Seattle, Wash., for plaintiff.

Leopold M. Stern, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. This suit is brought under authority of sections 67e and 70e of the Bankruptcy Act (Comp. St. §§ 9651, 9654). Plaintiff, the trustee in bankruptcy of a Washington corporation, sues the defendant, a Maine corporation. On December 17, 1921, the bankrupt was insolvent, as defined by the laws of the state of Washington. A receiver was appointed by the state court January 4, 1922. On April 29, 1922, a petition in bankruptcy was filed. More than four months prior to this date, on December 17, 1921, while insolvent as stated, the president of the bankrupt personally delivered to the defendant in Massachusetts a draft for $2,500, purchased by him, representing the bankrupt, at the bank where it customarily did business in Seattle, which draft was drawn by the Seattle bank on its New York correspondent, made payable to the defendant; such personal delivery of the draft to the defendant by the president of the bankrupt being made while the latter was temporarily in Boston, the only consideration being part payment of a debt of the bankrupt to defendant, long past due. Bankrupt's business was carried on in the state of Washington, though it purchased in Massachusetts goods from the defendant, both by mail order and personally by its representative while in Massachusetts.

There is a conflict between the laws of Massachusetts and Washington. The assets of an insolvent corporation are, under the Washington decisions, a trust fund for its creditors. B. T. Woods, as Trustee in Bankruptcy of the White Shoe Co. v. Metropolitan National Bank et al., 126 Wash. 346, 218 P. 266. It is agreed in this case that in Massachusetts the law is that an insolvent corporation has the legal right to prefer one creditor over another, and that it is immaterial whether the favored creditor, at the time of receiving the payment, knew or had probable cause to know of the insolvent condition of the debtor, or that he was obtaining a preference.

This court heretofore overruled a demurrer to defendant's answer, and the parties have submitted the cause upon the pleadings and stipulated facts, substantially as above stated. In Massachusetts, the taking of a negotiable paper for an existing debt is a payment of and extinguishes the debt, unless otherwise agreed. Payment does not depend upon the collection of the paper. 30 Cyc. 1197, 1198. As held upon demurrer, this cause must be decided upon the authority of Washington-Alaska Bank et al. v. Dexter Horton Nat. Bank of Seattle (C. C. A.) 263 F. 304, 307, and the cases approved by the court in that decision, particularly Warren et al. v. First National Bank of Columbus, 149 Ill. 9, 38 N. E. 122, 25 L. R. A. 746. See, also, Maxwell v. Ricks (C. C. A.) 294 F. 255.

Plaintiff has further contended that the question involved should be determined under the laws of Washington, because the draft purchased by bankrupt was the property of bankrupt, a Washington corporation, and that the validity of the transfer of any personal property depends primarily upon the law of the domicile of the owner. If the rule in fact be as contended, and it were conceded as applicable to transfers of commercial paper (a concession which appears unwarranted, Direction der Disconto-Gesellschaft v. United States Steel Corp., Public

Trustee, Egremont John Mills et al. [No. 676], and Bank für Handel und Industrie v. United States Steel Corp., Public Trustee, English Association of American Bond and Shareholders, Ltd., et al. [No. 677], 45 S. Ct. 207, 69 L. Ed. 235), yet it would avail plaintiff nothing; for it is also true that matters connected with the performance of a contract are regulated by the law of the place of performance (Scudder v. Union National Bank, 91 U. S. 406, 23 L. Ed. 245). Performance—that is, payment of bankrupt's debt to defendant—would be required in the absence of special agreement (which is not shown in the present case), where defendant was doing business; that is, in Massachusetts. 30 Cyc. 1185, and cases cited in note 54, and cases cited in Supplement of 1913.

Findings and judgment for defendant.