## PISTILLO v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
May 4, 1928.

No. 7920.

1. **Criminal law ☞901—Defendant, introducing evidence after moving for instructed verdict, waived objections that evidence was insufficient to sustain verdict against him.**

Defendant, introducing evidence after court denied motion for instructed verdict of not guilty

on first and second counts of information, waived objections that there was at that time no evidence sufficient to sustain verdict against defendant on either count, and, where defendant did not renew motion later, no question of sufficiency of evidence to sustain verdict was presented on appeal.

2. **Criminal law ☞1114(2)—Where motions and affidavits were not contained in bill of exceptions, alleged errors in denying motions were not reviewable by appellate court.**

Where neither affidavits on which motions were based nor motions were contained in bill of exceptions, alleged errors in denying motion to suppress evidence and motion to dismiss action on certain grounds were not reviewable by appellate court, since complaint was not tenable in appellate court without certificate of judge who ruled on motions and considered the evidence that they were the motions, affidavits, and rulings used in case.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Prosecution by the United States against Frank Pistillo for selling whisky. Defendant brings error. Affirmed.

Maurice J. O'Reilly, of Omaha, Neb. (Grenville P. North, of Omaha, Neb., on the brief), for plaintiff in error.

James C. Kinsler, U. S. Atty., of Omaha, Neb. (Ambrose C. Epperson, Asst. U. S. Atty., of Omaha, Neb., Philip M. Aitken, Asst. U. S. Atty., of Lincoln, Neb., George A. Keyser, Asst. U. S. Atty., of Omaha, Neb., and William J. Froelich, Asst. U. S. Atty., of O'Neill, Neb., on the brief), for the United States.

Before WALTER H. SANBORN and LEWIS, Circuit Judges, and PHILLIPS, District Judge.

WALTER H. SANBORN, Circuit Judge. Mr. Pistillo, the defendant below, was charged by the United States attorney in an information consisting of three counts: In the first, with selling at a place specified in Omaha, Neb., one-half pint of moonshine whisky containing more than one-half of 1 per cent. of alcohol by volume, fit for beverage purposes, to Valmor Preston on the 8th day of September, 1926; in the second count, with selling on the 15th day of September, 1926, one-half pint of like whisky at the same place to Valmor Preston; and in the third count, with having in his possession on the 21st day of October, 1926, at the same place 7 pints and 47 half pints of like whisky.

At the trial after the close of the evidence for the United States, the defendant made a motion that the court dismiss the third, or possession, count, of the informa-

tion. The court granted that motion, and subsequently instructed the jury to render a verdict of not guilty on that count, and they did so. The result is that, if the court fell into any error of law or fact in the trial of that count, they were not errors prejudicial to the defendant, and they will not be here discussed.

[1] At the close of the trial, counsel for the defendant moved the court to instruct the jury to return a verdict of not guilty on the first and second counts of the information, but the court denied the motion, and the defendant excepted. That motion and exception would have presented to this court the questions of the sufficiency of the plaintiff's evidence at that time to sustain a verdict against the defendant on either of these two counts, if counsel had stopped there. But they did not do so, they introduced evidence for their client, thereby waiving the objections that there was at that time no evidence sufficient to sustain a verdict against him on either count, and did not thereafter at the close of the trial, after the defendant had introduced his evidence, renew the motion or make any like request. They thereby waived the motion for an instructed verdict in favor of the defendant, and no question of the sufficiency of the evidence to sustain the verdict in this case is presented for our consideration. We have, however, carefully read all the evidence in the case, and are of the opinion that it warranted the court below in submitting the issue of the guilt or innocence of the defendant of the charges in the first and second counts of the information to the jury.

[2] But counsel for the defendant complain that the court failed to grant their motion founded on the affidavit of the defendant, Pistillo, to suppress certain evidence consisting of moonshine whisky unlawfully taken from the building of which the defendant was in possession at 413 South Eleventh street, Omaha, on October 21, 1926, by a deputy United States marshal, without a search warrant, and which Pistillo alleged the United States intended to use as evidence against him at the coming trial of his case. They also complain that the court did not grant their motion to dismiss this action based on the affidavits of defendant, Pistillo, and Maurice O'Reilly, that Pistillo was not granted a fair or speedy trial, was prevented from procuring the attendance of the necessary witnesses, and was deprived of other rights and privileges. But, upon a thorough examination of the record in this case, we have discovered that none of these

affidavits on which the motions are based or the motions are contained in the bill of exceptions, so that the questions counsel argue and the answers to which are conditioned by those motions and the affidavits on which they are based are not reviewable by this court.

In England v. Gebhardt, 112 U. S. 502, 503, 505, 5 S. Ct. 287, 288 (28 L. Ed. 811), the Supreme Court refused to review an order based on affidavits and the opinion of the court, all of which were filed in the court below and set forth in the transcript, and held that a bill of exceptions was essential to bring each of them into the record, although by one of the rules of that court a copy of the opinion filed was required to be and was annexed to and transmitted with the record. The court declared that the attachment and transmission of the opinion did not of itself make it a part of the record below, and that "the mere fact that a paper is found among the files in a cause does not of itself make it a part of the record. If not a part of the pleadings or process in a cause, it must be put into the record by some action of the court." To the same effect is Evans v. Stettnisch, 149 U. S. 605, 607, 13 S. Ct. 931, 37 L. Ed. 866. And in Metropolitan R. R. Co. v. District of Columbia, 195 U. S. 322, 324, 330, 25 S. Ct. 28, 29 (49 L. Ed. 219), the Supreme Court held that written requests for instructions to the jury, on file in the court below and marked, "Rejected, with permission to present later," a petition regarding evidence and the recital of the court granting the prayer of the petition, copies of all of which appeared in the transcript, formed no part of the record which could be considered by the appellate court, in the absence of a bill of exceptions containing them, allowed, and authorized by the judge.

In Chicago Great Western R. Co. v. Le Valley, 233 F. 384, 387, this court said:

"It is a familiar and an established rule of practice of the federal courts that in actions at law a bill of exceptions, stating the ruling and the exception, settled and signed by the trial judge, is indispensable to the review of rulings upon motions, oral or written, to strike out parts of pleadings, rulings upon motions based on affidavits or evidence and rulings on written or oral requests for instructions to the jury founded upon evidence. * * * And neither the filing of a written motion founded on evidence, nor the recital by the clerk in his record of the proceedings of the trial

of a case of such a motion, or of an exception to a ruling upon it, makes them a part of the record in the case, so that an appellate court may review the ruling. * * * In Hildreth v. Grandin [C. C. A.] 97 F. 870, 872, where an attempt was made to review an order on a motion founded on an affidavit and a judgment, this court declared that: 'When a motion is presented to a trial court which presents issues of fact for determination by that court on evidence adduced by the respective parties, the action of the trial court cannot be reviewed on a writ of error, unless a proper bill of exceptions, embodying the motion and the proofs, is duly settled, signed, and filed, so as to show to this court, in an authentic form, on what state of facts the action of the trial court was ‧ predicated.' ”

See Pauchet v. Bujac (C. C. A.) 281 F. 962, 966; Gordon v. United States (C. C. A.) 5 F.(2d) 943.

There is a bill of exceptions in this case. It contains the oral testimony of the witnesses at the trial of the case, but it contains none of the motions or the affidavits on which the motions are based upon which the complaint of‧ counsel now under consideration is based, and that complaint is not tenable in this court without a certificate of the judge who ruled upon the motions and considered the evidence that they are the motions, the affidavits, and the rulings used in the case.

We have carefully read the briefs of counsel, all the evidence in the case, and we are satisfied that there was no prejudicial error in the part of the record which is contained in the bill of exceptions, and the judgment below must be affirmed.