### DECOSIMO v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
January 10, 1930.

No. 8495.

Charles H. Winter, of St. Paul, Minn., for appellant.

Robert V. Rensch, Asst. U. S. Atty., of St. Paul, Minn. (Lewis L. Drill, U. S. Atty., of St. Paul, Minn., on the brief), for the United States.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and MARTINEAU, District Judge.

MARTINEAU, District Judge. ▇ The defendant Joseph Decosimo was indicted, tried, and convicted of possessing an unregistered distillery, fined and sentenced to the penitentiary.

He here seeks a reversal of this judgment upon the ground that the testimony upon which he was convicted was secured by an illegal search of his home. He, however, has failed to bring into the record a bill of exceptions, which, under the established rule of practice in this court, makes it impossible for the court to review the action of the lower court with reference to the error, if any, made by that court in the admission of testimony obtained through an illegal search.

In Chicago Great Western Railway Co. v. Le Valley, 233 F. 384, 387, this court said:

"It is a familiar and an established rule of practice of the federal courts that in actions at law a bill of exceptions, stating the ruling and the exception, settled and signed by the trial judge, is indispensable to the review of rulings upon motions, oral or written, to strike out parts of pleadings, rulings upon motions based on affidavits or evidence and rulings on written or oral requests for instructions to the jury founded upon evidence. * * * And neither the filing of a written motion founded on evidence, nor the recital by the clerk in his record of the proceedings of the trial of a case of such a motion, or of an exception to a ruling upon it, makes them a part of the record in the case, so that an appellate court may review the ruling. * * * In Hildreth v. Grandin, 97 F. 870, 872, 38 C. C. A. 516, 518, where an attempt was made to review an order on a motion founded on an affidavit and a judgment, this court declared that:

" 'When a motion is presented to a trial court which presents issues of fact for determination by that court on evidence adduced by the respective parties, the action of the trial court cannot be reviewed on a writ of error, unless a proper bill of exceptions, embodying the motion and the proofs, is duly settled, signed, and filed, so as to show to this court, in an authentic form, on what state of facts the action of the trial court was predicated.' "

▇ A stipulation of facts signed by the attorneys for the government and the defendant

is found in the record, and it is insisted that this document, which is not signed and approved by the trial judge, takes the place of a bill of exceptions. The rulings of the courts, however, do not sustain this contention. Buessel v. United States (C. C. A.) 258 F. 811; Reilly v. Beekman (C. C. A.) 24 F. (2d) 791; Pistillo v. United States (C. C. A.) 26 F.(2d) 202; Cogen v. United States, 278 U. S. 221, 49 S. Ct. 118, 73 L. Ed. 275.

The judgment of the court below is affirmed.