Choctaw, Oklahoma & Gulf Railroad Company *v.*
McConnell.

Opinion delivered January 28, 1905.

1. Suits—consolidation.—A motion to consolidate two suits not between the same parties was properly denied, under Kirby's Digest, § 6083. (Page 56.)

2. NEW PARTIES—WHEN NECESSARY.—Under Kirby's Digest, § 6006, providing that any person may be made a party who claims an interest in the controversy adverse to the plaintiff, or who is necessary to a complete determination and settlement of the questions involved, and § 6011, providing that when a determination of the controversy cannot be made without the presence of other parties, the court must order them brought in, *held,* that where the defendant set up that other persons were claiming the fund in controversy, it was error to refuse to require such persons to be brought in as parties. (Page 57.)

Appeal from Sebastian Circuit Court, Greenwood District.

STYLES T. ROWE, Judge.

Reversed.

*E. B. Peirce* and *Thomas S. Buzbee,* for appellant.

The court erred in overruling the appellant's motion to make Davis Brothers parties defendant. Sand. & H. Dig. § § 5630, 5635; 37 Ark. 517; 49 Ark. 103. The court erred in admitting in evidence certain letters purporting to have been written by the defendant, without proper foundation first laid for their introduction. The court erred in compelling the attorney for defendant to produce a certain paper purporting to be an order testified to by one of the plaintiffs. The only proper procedure for compelling the production of a paper by the adverse party is by compliance with Sandels & Hill's Digest, § 2897. The order was equivalent to compelling the attorney for defendant to divulge a privileged communication, and was error. Sand. & H. Dig. § 2916; 33 Ark. 774; 1 Gr. Ev. § 241; Gantt's Dig. § 2482. Appellees were not the proper parties to maintain this action. Sand. & H. Dig. § 5624; 47 Ark. 542; 23 Ark. 31.

*Appellee, pro se.*

There was no error in the overruling of the motion to make Davis Brothers parties defendant. Sand. & H. Dig. § § 5630, 5635, 5636. Nor was there any error in the admission of the letters. 1 Am. & Eng. Enc. Law (2d Ed.), 989; 42 Ark. 97; 18 Ark. 521; 33 Ark. 316. There was no error in compelling

the attorney of appellant to produce the order in controversy. The witness, being in court and having the paper with him, found compliance with the statute (Sand. & H. Dig. § 2897) was unnecessary. The said attorney was not entitled to claim the benefit of the statute giving attorneys the right to refuse to answer questions touching privileged communications to them. Sand. & H. Dig. § 2916; Gr. Ev. § 241. Plaintiffs were entitled to sue. *Cf.* Sand. & H. Dig. § § 5717, 5625, 5626; 43 Ark. 33. Defects in parties are waived by going to trial without objection. 30 Ark. 399; 54 Ark. 525; 23 Ark. 31.

Hill, C. J. McConnell & Company sued the appellant, hereafter called the Railroad Company, in a justice's court in Hartford Township, Sebastian County, for the sum of $300, and alleged, in brief, this state of facts: "That the firm of McClain & Medlin had a contract to furnish the Railroad Company coal, and that they (McConnell & Company) were furnishing supplies to McClain & Medlin to enable them to fulfill their contract, and that on the 11th of December, 1900, McClain & Medlin and the constituent members, L. J. McClain and P. J. Medlin, gave an order to the Railroad Company to pay McConnell & Company the amount then due and thereafter to become due from this contract, which order was accepted, and the Railroad Company under it paid all sums due except $300 which it withheld, and prayed judgment for that sum. Judgment for McConnell & Company was taken by default in the justice's court, and the Railroad Company appealed to the circuit court.

Prior to this suit, Davis Brothers had on December 12, 1900, in justice's court at Hartford, sued John A. McClain for $269.85, obtained an attachment, and garnished the Railroad Company. The substance of the Davis Brothers' contention in that suit was that the contract in question was the contract of John A. McClain; that the business was fraudulently carried on in the name of L. J. McClain, his wife, and P. J. Medlin, when in truth the money was due John A. McClain, and not said firm or parties; and that the order in question was made after the garnishment, and, in order to defeat it, was antedated.

This case was likewise carried to the circuit court on appeal. When this suit reached the circuit court, the Railroad Company made a motion to consolidate it with Davis Brothers' suit, setting

forth these facts, and that the $300 had been withheld on account of the garnishment in that suit, and asked leave to pay it into court and be discharged. This motion was overruled, and properly so, because the suits were not between the same parties. Kirby's Dig. § 6083; *Meehan* v. *Watson,* 65 Ark. 216.

After the overruling of this motion, the Railroad Company then moved for Davis Brothers to be brought in as parties to this suit, setting forth substantially the same facts. This was overruled, and the case tried, and judgment withheld until the Davis Brothers' case was tried. In that case the court, after hearing all the evidence, directed a verdict to be rendered for the defendants, which, of course, discharged the Railroad Company as garnishee, and thereafter rendered judgment in this case in favor of McConnell & Company for the $300 in controversy. Davis Brothers appealed their case, and the Railroad Company appealed this one. This court recently reversed the Davis case, holding that the court erred in withdrawing it from the jury, and directing a verdict. *Davis* v. *Choctaw, O. & G. R. Co.* 73 Ark. 120.

The result of these two suits, progressing separately, may be that the Railroad Company will be required to pay the amount in controversy to each of the contesting parties.

The law has wisely provided a proper method of bringing all interested parties into one action, so as to completely determine rights over the same subject-matter, without working injustice to any one. Section 6006, Kirby's Digest, provides that any person may be made a party who claims an interest in the controversy adverse to the plaintiff, or who is necessary to a complete determination and settlement of the questions involved; and section 6011, Kirby's Digest, authorizes the court to determine any controversy between the parties before it when it can be done without prejudice to the right of others, or by saving their rights; but when a determination of the controversy can not be made without the presence of other parties, the court must order them brought in. This court said of this statute: "The obvious intention of the statute is to require all persons to be made parties to an action who will be necessarily and materially affected by its result, and to forbid the court from determining any controversy between the parties before it, when it can not

be done without prejudice to the rights of others, or by saving their rights. In such cases it is the duty of the court to allow such persons to be made parties, to the end that they may protect their interests." *Smith* v. *Moore,* 49 Ark. 160. It is equally true that it is the duty of the court to have brought into the case any party who does not willingly come in whose presence is necessary in order to protect the rights of those then before the court. The proper way is to bring the parties claiming an interest in the subject-matter of this controversy into this litigation and let them litigate their rights on the merits, and provide for the due payment of this money to the one proving himself entitled to it. Other questions are presented, but no other prejudicial error is found.

The case is reversed and remanded, with directions to grant the motion requiring the bringing into this suit of Davis Brothers, and for further proceedings not inconsistent herewith.