## GUNNELLS *v.* LATTA.

### Opinion delivered May 18, 1908.

1. NEW PARTIES—WHEN NECESSARY.—Where an officer was sued to recover a sum of money taken from plaintiff's person when he was arrested on a charge of larceny, it was proper to make a party to the action one who claimed the money and to whom it was delivered when taken from plaintiff. (Page 306.)

2. ACTION—DISMISSAL.—Where, in a suit to recover money, a claimant was permitted to become a party defendant, it was error subsequently to dismiss the action as to such claimant. (Page 306.)

3.  PLEADING—DEFENSE INURING TO ALL.—A separate answer of one defendant which sets up a defense common to a co-defendant will be held to inure to the latter's benefit.  (Page 306.)

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; reversed.

*Stevens & Stevens,* for appellants.

1.  There was the statutory denial of Latta's allegation of ownership, and the court should have overruled the demurrer. Kirby's Digest, § 6098; 73 Ark. 344; 32 *Id.* 428.

2.  If the money was won at craps, the title was in Robinson, and he had the right to possession.  47 Ark. 378; Kirby's Digest, § 3690; 3 Am. & E. Law, p. 762; 47 Mo. App. 574.

3.  Great prejudice was done by the court's refusal to allow Robinson to plead in the action, so as to hold Gunnells harmless.  49 Ark. 100; 74 *Id.* 55; Kirby's Digest, § § 6006, 6011.

*McKay & Lile,* for appellee.

1.  Gunnells was estopped to deny plaintiff's ownership of the money.  He admitted he took the money from plaintiff, and that he had never returned it.  28 S. C. 247; 42 Ark. 62; 5 Cyc. 517; Pollock on Torts, 442; 14 Mich. 392; 41 Mo. App. 416. See 31 Ark. 103 and 27 Ky. 206 as to the defense the superior title of another.

2.  Kirby's Digest, § 3690, has no application under the pleadings.  *Id.* § 6006.

McCULLOCH, J. Appellee, John Latta, instituted this action in the circuit court of Columbia County against appellant, J. D. Gunnells, to recover the sum of $121.15, alleging in his complaint that the latter, as marshal of the town of Emerson, arrested him upon a warrant charging him with grand larceny, and took said sum of money from his person. He alleged further that said criminal charge against him had been dismissed by the grand jury.

Gunnells and one Robinson jointly filed a motion, alleging that Robinson asserted ownership of the money, and asking that the latter be made defendant and allowed to litigate his claim. The prayer of the motion was granted, and Robinson was made a party defendant. He filed his separate answer, alleging that he was the owner of the money taken from appellee by Gunnells,

that appellee had stolen it from him, and that the money was delivered to him (Robinson) after it was taken from appellee.

Gunnells also filed a separate answer, containing a denial of any knowledge or information sufficient to form a belief as to appellee's alleged ownership of the money, and alleging that Robinson claimed the money, and that the same had been delivered to him.

The court thereupon sustained a demurrer to Gunnells's answer, and rendered judgment against him in appellee's favor for the amount, and upon motion of appellee dismissed the action as to Robinson.

It was proper to make Robinson a party to the action, as he claimed the money, and it had been delivered to him. Kirby's Digest, § § 6006, 6011; *Smith* v. *Moore*, 49 Ark. 100; *Choctaw, O. & G. Rd. Co.* v. *McConnell*, 74 Ark. 54.

After he was made a party defendant, his claim to the money in controversy should have been adjudicated in the action. The effect of the court's ruling was to invite him in court at one door and turn him out at another without relief and without opportunity to have his rights adjudicated.

It was error to sustain a demurrer to Gunnells's answer. It contained a denial of appellee's claim of ownership of the money. While it did not contain any allegation as to Robinson's ownership, the latter's separate answer did contain such an allegation, and, as that was a matter of defense common to both defendants, it inured to the benefit of both. *Fletcher* v. *Eagle*, 71 Ark. 1; *Lowe* v. *Walker*, 77 Ark. 103.

Reversed and remanded with directions to overrule the demurrer to Gunnells's answer and the motion to dismiss the action as to Robinson, and for further proceedings.