PEEPLES *v.* HAYLEY-BEINE & COMPANY.

Opinion delivered February 8, 1909.

1.  LIENS—LIABILITY OF PRIOR LIENOR.—A landlord who holds a first lien on his tenant's crop and receives the crop in discharge thereof will be bound to account to a junior lienor of whose lien he has record notice for the surplus of such crop in excess of the amount of his prior lien. (Page 253.)

2.  PARTIES—WAIVER OF DEFECT.—Where the beneficiary in a crop mortgage sued in equity to enforce a lien upon the surplus of the crop in the hands of a prior lienor, without making the trustee in his mortgage a party, the defect was waived unless the objection was made in the trial court. (Page 253.)

Appeal from Prairie Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*T. C. Trimble, Joe T. Robinson* and *T. C. Trimble, Jr.,* for appellant.

1.  Appellant's demurrer should have been sustained. As against a third party, the trustee is the proper person to bring the action. 21 Barb. (N. Y.) 565; 22 Enc. Pl. & Pr. 158; 60 Ala. 435; 50 Ia. 515; 66 Ark. 400; *Id.* 550; 75 Ark. 288.

2.  Appellee's evidence is not sufficient to show that appellant received an amount in excess of what was due him for rent and advancements made, which was a prior lien under the statute. The burden was on appellee. Kirby's Dig. § § 5032-3; 70 Ark. 79.

*J. H. Harrod,* for appellee.

1.  The demurrer was general, and not on account of defect of parties. No motion was made to make the trustee a party. This question cannot be raised here for the first time.

2.  The evidence fully sustains the decree.

McCULLOCH, C. J. Appellee, a domestic corporation engaged in the mercantile business, held a mortgage executed by one Sawyer on a crop of cotton grown during the year 1903 on land owned by appellant Peeples. Sawyer was appellant's tenant, and appellant furnished him supplies of money and merchandise to enable him to make and gather the crop. The crop grown on the place was delivered to appellant by the tenant, and he sold the

same, applying the proceeds to the payment of his account for advances. Appellee brought this suit in equity against appellant to recover the proceeds of the crop, alleging that it had been wrongfully delivered to the latter and converted to his own use. The chancellor found that the proceeds of the cotton delivered to appellant exceeded the amount of the latter's account against his tenant in the sum of $91.12, which he had paid over to the tenant; and the court rendered a decree against him for that amount.

Upon examination of the testimony, we conclude that the findings of the chancellor were not against the preponderance of the evidence, and that it justified the finding that appellant had received the amount named in excess of the amount of his account, and paid it over to his tenant. This he had no right to do, as the record of the mortgage was constructive notice to him; and, having the right to receive the cotton for the purpose of discharging his own lien, he was bound to account to the junior lienor for the amount of the surplus. The testimony is conflicting, and the finding of the court is dependent entirely upon an admission made by the appellant in furnishing a statement to appellee's agent at the close of the year, showing the excess above stated and that it was paid over to the tenant.

Appellant objects here for the first time that the suit was brought by the beneficiary in the trust deed, and that the trustee, to whom the legal title had been conveyed, was not made a party. This being a suit in equity to enforce a lien, appellee, the beneficiary, was a proper party to the action, and was entitled to recover. It was not essential, as in a replevin suit to recover possession of mortgaged property, that the suit be brought in the name of the trustee. The trustee should have been joined as a party plaintiff; but, as no objection was made below to this defect of parties, it is too late now to make the objection. It was waived by appellant failing to make the objection. Kirby's Dig. § 6096.

Decree affirmed.