# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

## TIGER v. ROGERS COTTON CLEANER & GIN COMPANY.

### Opinion delivered July 11, 1910.

1. CORPORATION—RELEASE OF STOCK SUBSCRIPTION—VALIDITY.—An insolvent corporation cannot purchase shares of its own capital stock to satisfy the unpaid subscriptions thereon, and thereby release the subscribers from liability to creditors of the corporation. (Page 4.)

2. SAME—POWERS OF PRESIDENT.—The president of a corporation is not authorized to purchase shares of stock in such corporation to satisfy the unpaid subscriptions thereon in the absence of authority from the board of directors; and hence the delinquent stockholders were liable for their unpaid subscriptions in garnishment proceedings collateral to an action against the corporation. (Page 5.)

3. GARNISHMENT—SEPARATE ACTION UNNECESSARY.—Since the passage of the act of April 8, 1889, in reference to judicial garnishments, and the amendatory act of April ʼ95, it is no longer necessary to commence a separate action against the garnishee in order to authorize judgment against him, but in cases covered by these acts final judgments may be rendered against the garnishee upon default made by him, or when on a trial he is found to be indebted to the judgment-debtor. (Page 6.)

4. LIMITATION OF ACTIONS—NECESSITY OF PLEA.—The statute of limitations cannot be relied upon in the Supreme Court if it was not pleaded in the lower court. (Page 7.)

Appeal from Mississippi Circuit Court, Osceola District; *Frank Smith,* Judge; affirmed.

#### STATEMENT BY THE COURT.

The appellee on the 14th day of May, 1908, obtained judgment against the Luxora Gin & Manufacturing Company in the sum of $476.60. Execution was issued upon the judgment against

the judgment-debtor, and a return of *nulla bona* was made thereon. On the 21st day of November, 1908, a writ of garnishment was issued against appellants and others, summoning them as follows:

"To answer what goods, property, chattels and effects they, or either of them, had in their possession at the time this writ was served upon them, or that may have come into their possession since the service of this writ, belonging to the said Luxora Gin & Manufacturing Company. And they will further answer what sum or sums of money they or either of them owe the defendant, Luxora Gin & Manufacturing Company."

Appellants answered "that said firm of Tiger Brothers had no goods, property, chattels or effects in its possession, either at the time of the service of this writ or any other time within the past three years, belonging to the Luxora Gin & Manufacturing Company, and further states that it does not owe the said Luxora Gin & Manufacturing Company any sum whatever."

This answer was filed December 2, 1908.

After hearing the evidence, the court found the facts as follows:

"First, that the Luxora Gin & Manufacturing Company is a corporation.

"Second. That the garnishees, E. Tiger and N. Tiger, subscribed and agreed to pay par value for $500 worth of the capital stock of said corporation.

"Third. That said E. Tiger and N. Tiger did pay the sum of $100 on their subscription to the capital stock of said corporation, leaving a balance due of $400 on said capital stock, with interest thereon at the rate of 6 per cent. per annum, and amounting to the sum of $120 at this date, making a total, principal and interest, due from them to the said Luxora Gin & Manufacturing Company of $520.

"Fourth. That on the 1st day of July, 1905, said Luxora Gin & Manufacturing Company offered for sale the other $400 worth of stock owned by the said E. Tiger and N. Tiger to satisfy the balance of the unpaid subscription for the same, and, there being no other bidders, John B. Driver, the then president of said corporation, bid for said corporation the amount of said unpaid subscription, and reported the same to the board of directors.

"Fifth. That when the purchase of said stock by said John B. Driver for the said Luxora Gin & Manufacturing Company was reported to said board of directors, the said board of directors expressly repudiated said transaction and refused to ratify the same.

"Sixth. That on the 14th day of May, 1908, a judgment was rendered herein in favor of the Rogers Cotton Cleaner & Gin Company, and against the Luxora Gin & Manufacturing Company, on a promissory note for the sum of $474.60, upon which there is due a credit for the sum of $100, the amount realized from a sale of the property mentioned in said judgment.

"Seventh. The court further finds that at the time the stock of said E. Tiger and N. Tiger in said Luxora Gin & Manufacturing Company was sold, or attempted to be sold, to satisfy the unpaid subscription thereon, said corporation was hopelessly insolvent, and continued so down to the present time.

"Eighth. That at the time of the sale of said stock, or the attempt to sell said stock, the plaintiff was a creditor of said corporation, evidenced by the obligation upon which the judgment of May 14, 1908, was based."

Upon these findings of fact the court declared the law to be that an insolvent corporation has no right, as against its creditors, to purchase its own stock, and that the purchase or attempt to purchase the stock of appellant on behalf of the Luxora Gin & Manufacturing Company was null and void against the appellee, who was then and still is a creditor of the Luxora Gin & Manufacturing Company. The court entered judgment in favor of appellee against appellants, Tiger Brothers, for the sum of $410 and costs.

From this judgment appellants duly prosecute this appeal.

*W. J. Lamb,* for appellant.

The corporation had the right to purchase its stock. Kirby's Dig. § 847. The suit should have been dismissed, because the insolvency of the debtor was not proved. 71 Ark. 1. No judgment can be rendered upon the answer of the garnishee. 45 Ark. 271; 52 Ark. 130; 48 Ark. 349; 42 Ark. 219.

*J. T. Coston,* for appellee.

The failure to file additional interrogatories was a mere error, which may be waived. 53 S. W. 44; 87 S. W. 50. Judg-

ment against the garnishee was proper. Kirby's Dig. § 3701; 70 Ark. 128. The statute of limitations was not raised below, and cannot be considered here. 95 S. W. 1005; 91 S. W. 555. The garnishee may plead the statute of limitations. Rood on Garnishment, § 376; 20 La. Ann. 116; 10 Mo. 557; 32 N. H. 141; 21 Tenn. (2 Hump.) 137; 11 Wash. 527. The five years statute applies. 62 Ark. 406. A question not raised in the motion for a new trial cannot be considered here. 23 Ark. 23; 70 Ark. 429. Insolvency of the corporation was proved. 51 N. E. 605; 72 N. W. 425. Appellants' abstract is not in compliance with rule nine. 122 S. W. 495.

WOOD, J., (after stating the facts). It could serve no useful purpose to discuss in detail the evidence upon which the court based its findings of fact. It suffices to say that these findings are sustained by the evidence.

Appellants contend that, at the time they filed their answer as garnishees herein, they were not, and had not been for more than three years, indebted in any sum whatever to the gin company. Appellants say this is so for the reason that their stock in the gin company was sold in July, 1905, and that thereafter appellants had no further interest in or connection with the gin company. But appellants' contention can not be sustained.

The court found, and the evidence tended to support that finding, "that at the time the stock of appellants in the gin company was sold or attempted to be sold to satisfy the unpaid subscription thereon said corporation was hopelessly insolvent." This being true, conceding for the present that there was a sale and purchase of the stock, the transaction was nevertheless void as to creditors of the corporation.

Mr. Cook, in his excellent work on Corporations, says: "If the corporation is insolvent at the time of the purchase, it is clearly an invalid transaction, and will be set aside. The rule goes still further, and declares that if a corporation, by a purchase of shares of its own capital stock, thereby reduces its actual assets below its capital stock and debts, such purchase may be set aside, and the guilty corporate officers, as well as the vendor of stock, may be rendered liable thereon at the instance of a corporate creditor." Cook on Corporations, § 311, pp. 849-850, and cases cited in notes 3 and 1 of above pages. The corporation in which

appellants owned shares of capital stock for which they had not paid being insolvent, the sale and purchase by it of these shares of stock was but tantamount to a voluntary release by the corporation to appellants of the balance due by them for their shares of capital stock. But the corporation could not do this. It has no right to enter into any arrangement with the stockholder himself, or to engage in any transaction on its own motion, the effect of which would be to release from liability those who owed for capital stock in the corporation. The capital stock of a corporation is a trust fund that must be devoted to the payment of its debts. Neither the corporation nor the individual stockholder can divert it, directly or indirectly, from this purpose. *Carter* v. *Union Printing Co.*, 54 Ark. 580.

In the above case this court quoted from the Supreme Court of the United States as follows: "Unpaid stock is as much a part of this pledge, and as much a part of the assets of the company, as the cash which has been paid upon it. Creditors have the same right to look to it as to anything else, and the same right to insist upon its payment as upon the payment of any other debt due to the company. As regards creditors, there is no distinction betwen such a demand and any other asset which may form a part of the property and effects of the corporation." *Sanger* v. *Upton*, 91 U. S. 60, 61.

There is therefore no merit in the contention of appellants that, when appellee sold its machinery to the gin company, it had no right to deal with the gin company in the belief that appellants' subscription to the capital stock of that company was an asset of the company at that time. The reverse is true, in view of the fact that the gin company was insolvent when the stock was sold and purchased by the gin company, conceding that it was.

But the purchase of the stock by the president of the company without any previous authority from the board of directors to do so, and without any subsequent ratification of his unauthorized act, as was the case here, rendered the transaction void. The stock never passed by that sale out of appellants. They still owned and owed for it at the time the debt herein sued on was contracted, and at the time the writ of garnishment was served on them.

It is next contended by appellants that, they not being parties defendant in the suit, and no relief having been asked against them, and no judgment prayed, the court was without authority to render judgment against them.

Since the passage of the act of April 8, 1889, in reference to judicial garnishments, and the amendatory act of April 19, 1895, "it is no longer necessary to commence a separate action against the garnishee in order to authorize the court to render a final judgment against him, but in cases covered by these acts final judgments may be rendered against the garnishee upon default made by him, or when on a trial the court finds that he is indebted to the defendant in the original judgment." *Norman* v. *Poole,* 70 Ark. 128. The writ of garnishment in the present case summoned appellant to answer what "property of the defendant they had in their possession," and "further to answer what sums of money they, or either of them, owe the defendant Luxora Gin & Manufacturing Company." Appellee had obtained judgment against the gin company, and the writ of garnishment served on appellant gave the court jurisdiction to hear and determine the issue raised by the allegations contained in the writ. Appellant appeared and answered the writ, denying the allegations and interrogatories which the writ itself contained (which were sufficient), making the distinct issue that "it did not owe the gin company any sum whatever." In *Little Rock Traction & Electric Company* v. *Wilson,* 66 Ark. 582, 587, this court, through Judge BATTLE, said:

"The writ of garnishment gives the person therein named as garnishee notice of the object of its issue, and commands him to appear at its return day, and answer what goods, chattels, moneys, credits and effects he may have in his hands or possession belonging to the defendant. To this extent it serves as a summons and a pleading. The allegations and interrogatories call his attention to, specify and remind him of the goods, chattels, moneys, credits and effects supposed to be in his possession, touching which he is required to answer. If they had not been required by the statutes, there could be no necessity for their filing. The fact that the proceeding instituted by the writ may, so far as it affects the garnishee, be in the nature of an action against him does not render the filing of the allegations and

interrogatories a prerequisite to the investiture of the court or justice of the peace with jurisdiction."

Appellants insist that appellee is barred of any right to maintain this suit by the three years statute of limitation. But appellants did not plead limitation in the lower court. They could have done so. Rood on Garnishment, § 376. They can not be heard here on this plea for the first time.

The judgment is correct. Affirmed.