VANDEVENTER et al. v. TRADERS' NAT. BANK OF KANSAS CITY. MO.

(Circuit Court of Appeals, Eighth Circuit. April 3, 1917.)

1. APPEAL AND ERROR ☞1050(1) — HARMLESS ERROR — ADMISSION OF EVIDENCE.

In an action on a note which defendants denied signing, where the proof that they signed it was clear and convincing, the admission of a financial statement furnished plaintiff as the basis of the loan evidenced by the note, and purporting to be signed by defendants, was not prejudicial error, though when it was admitted there was no proof that they signed the statement, and they afterwards denied having done so.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157.]

2. EVIDENCE ☞222(10)—FORGERY.

In an action on a note which had been twice renewed by the giving of notes to which defendants' names were forged by their comaker, they claimed that the original note on which suit was brought was also forged. Over their objection, confessions by their comaker of various forgeries were admitted. There was evidence that one of the defendants received the confessions when he was about to execute a new note for the one in suit and handed the confessions over as an explanation for his refusal. Held, that the admission of the confessions was not error.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 797–800, 803–808.]

3. EVIDENCE ☞106(1)—CHARACTER OF PARTY—ADMISSIBILITY.

An ordinary action on a promissory note, the execution of which was affirmed by plaintiff and denied by defendants, did not involve or directly affect defendant's general character, and evidence thereof was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 177–182, 185.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. **WITNESSES** &=318—**REPUTATION OF UNIMPEACHED WITNESS.**

Until the character or reputation of a witness is assailed, it is not in question, and evidence of good character is not admissible, and it is not assailed within this rule by mere adverse testimony of other witnesses.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1084–1086.]

5. **APPEAL AND ERROR** &=728(3)—**ASSIGNMENTS OF ERROR—RULINGS ON EVIDENCE.**

An assignment that the court erred "in sustaining objections to certain questions asked by defendants," no questions being set forth or described, presented nothing for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3012.]

6. **TRIAL** &=418—**DEMURRER TO EVIDENCE—WAIVER.**

The overruling of defendants' demurrer to plaintiff's evidence is not reviewable, where defendants proceeded with their defense instead of standing on their demurrer.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 981.]

7. **APPEAL AND ERROR** &=730(2)—**ASSIGNMENTS OF ERROR—INSTRUCTIONS.**

An assignment that the court erred "in his instructions," no particular instructions being set forth, presents nothing for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3014, 3015.]

8. **APPEAL AND ERROR** &=731(1)—**ASSIGNMENTS OF ERROR—VERDICT.**

Assignments that the verdict was contrary to the evidence and contrary to the law presents nothing for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3017.]

9. **APPEAL AND ERROR** &=733—**ASSIGNMENTS OF ERROR—JUDGMENT.**

Assignments that the court erred in rendering judgment against defendants and in rendering judgment for costs against them presents nothing for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3025–3027.]

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action by the Traders' National Bank of Kansas City, Mo., against James M. Vandeventer and another. Judgment for plaintiff, and defendants bring error. Affirmed.

J. E. Brooks, of Sedan, Kan. (C. O. Buckles, of Sedan, Kan., on the brief), for plaintiffs in error.

Sanford B. Ladd, of Kansas City, Mo. (Charles E. Small, of Kansas City, Mo., on the brief), for defendant in error.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This is an action by the Traders' National Bank of Kansas City upon a promissory note for $5,000 signed by one F. E. Turner, and purporting to have been signed by defendants James M. Vandeventer and Emmett Vandeventer. The note had been

twice renewed with the customary surrender of the matured paper. Shortly after the maturity of the last renewal note, the plaintiff learned that Turner had forged the signature of both defendants to it and to its immediate predecessor, and it therefore brought the action upon the original note. Turner was a grandson of one of the defendants and a nephew of the other. He had charge of a state bank in which they were interested, and personally attended to the transactions with the plaintiff. The defendants denied having executed the original note, the jury found the issue against them, and the plaintiff had judgment.

[1, 2] Defendants' first assignment of error is that the trial court "erred in the admission of exhibits Nos. 1, 16, and 17 as part of the examination" of a certain witness. Though this assignment does not comply with the rules of this court we have concluded to consider it. Exhibit 1 is a financial or property statement of the same date as the note in suit and purports to have been signed by defendants. It was required by plaintiff as the basis for the loan sought, was addressed to it, and was mailed to it by Turner. At the time it was received in evidence there was no proof that defendants had signed it, and they afterwards denied having done so. Had it been offered at the conclusion of the other evidence in the case, there would, we think, have been enough proof to have justified its admission. The court evidently received it not to show that defendants signed the note but as a part of the transaction, much as it admitted Turner's letter of transmittal. We need not, however, determine the question, because the error, if it was one, was not, in our opinion, prejudicial. Aside from it, the proof that defendants signed the note in suit was clear and convincing. Little need be said about exhibits 16 and 17. They were confessions by Turner of various forgeries. One was addressed to defendant J. M. Vandeventer and the other "To Whom It May Concern." Both came into the possession of J. M. Vandeventer and were handed to a representative of the plaintiff. There was testimony that J. M. Vandeventer had acknowledged his liability on the note in suit and was about to execute a new one in its place, but that, having received the confessions at the instant, he handed them over as an explanation for refusing.

[3, 4] The fourth assignment is that the court erred in rejecting the testimony of certain witnesses as to defendants' reputation "for honesty and fair dealing, and truth and veracity, said defendants having also been witnesses at said trial." The testimony was properly excluded. In this particular the defendants occupied a dual position—first as parties, second as witnesses. There was no direct attack upon their characters or reputations at the trial. In Thompson v. Bowie, 4 Wall. 463, 471, 18 L. Ed. 423, the court said:

"It is very rare that in civil suits the character of the party is admissible in evidence, and it is never permitted, unless the nature of the action involves or directly affects the general character of the party."

The case at bar is an ordinary action on a promissory note, the execution of which was affirmed by the plaintiff and denied by the defendants. It does not involve or directly affect the general character

of the latter. The conclusion is equally clear when defendants' position as witnesses is regarded. Until the character or reputation of a witness has been assailed it is not in question (Central Coal & Coke Co. v. Penny, 97 C. C. A. 600, 173 Fed. 340), and it is not assailed in the sense of the rule by mere adverse testimony of other witnesses.

[5-9] The remaining assignments are that the court erred (2) "in sustaining objections to certain questions asked by defendants," the questions not being set forth or described; (3) "in overruling the demurrer of defendants to the evidence offered on behalf of the plaintiff," the defendants having proceeded with their defense instead of standing on their demurrer; (5) "in his instructions to the jury," no particular instructions being set forth; (6) that "the verdict of the jury was contrary to the evidence"; (7) and "contrary to the law"; (8) that the court "erred in rendering judgment in favor of the plaintiff and against the defendants"; (9) and "in rendering judgment in favor of the plaintiff and against the defendant for costs." It has been settled by a multitude of decisions of the appellate courts of the United States that such assignments of error present nothing for review.

The judgment is affirmed.