### FLANAGAN v. BENSON et al.

Circuit Court of Appeals, Eighth Circuit. December 31, 1929.

No. 8694.

70

■■■■■■■■■■ ■■■

T. Austin Gavin, of Tulsa, Okl. (Horace H. Hagan, of Tulsa, Okl., on the brief), for appellant.

Before VAN VALKENBURGH and GARDNER, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. This action was brought by W. D. Benson claiming to be the assignee of certain promissory notes, against the makers W. E. Campbell and Jack Haight, to recover the amount of the notes.

J. P. Flanagan, the appellant, was allowed to intervene, and filed a petition in intervention under a statute of Arkansas allowing interventions in actions at law (see Gunnells v. Latta, 86 Ark. 304, 111 S. W. 273; Choctaw O. & G. R. Co. v. McConnell, 74 Ark. 54, 84 S. W. 1043), and in his intervening petition he alleged the recovery of a judgment for about $41,000 in the district court of Tulsa county, Okl., against F. E. Clark, the husband of Iva B. Clark, Mrs. Clark being the payee of the notes sued upon in this action.

It was further alleged in the intervening petition that in a subsequent suit in the state court a decree had been obtained by the intervener enjoining Iva B. Clark from disposing of the notes, but that thereafter W. D. Benson notified the makers of the notes of his possession and claim of ownership of the notes. Intervener alleged that W. D. Benson was made a party to the suit by appellant against Iva B. Clark; that service by publication was had upon him; that a copy of the proceedings in that suit was sent to him at his place of residence; that a registered receipt was received from him by appellant's attorneys, and that he had actual notice of the pendency of the proceedings, but that he failed to intervene in the suit; and it is alleged that all of said proceedings are res judicata as to W. D. Benson.

It is further alleged that he either knew or should have known at the time of the transfer of the notes that Iva B. Clark had no right thereto and was under an injunction against the sale or disposition of the notes. The intervener prayed that he be decreed to be entitled to the proceeds of the notes, and that W. D. Benson be enjoined from setting up any claim adverse to the right, title, and interest of appellant. The plaintiff below, W. D. Benson, answered to the intervening petition. In substance, it was a denial of all its allegations.

The journal entries in this case show that all the parties filed a stipulation waiving a jury and agreeing to try the case to the court, and that the intervener, to sustain his plea of res judicata, offered in evidence the pleadings, proceedings, orders, and judgments in the district court of Tulsa county, Okl., and the question of res judicata, by agreement of all the parties, was submitted to the court upon the pleadings, the original notes sued upon, and upon the certified copies of papers and records offered by the intervener. Subsequently, the court made an order overruling the plea of res judicata. At a later date, the court entered a judgment reciting therein that the plaintiff and defendants had stipulated that a judgment should be rendered against the defendants and in favor of the plaintiff for $3,000, and a judgment was entered accordingly. The judgment entry further recited that the intervener had filed a demurrer to the evidence and a motion for a judgment against the plaintiff, that the demurrer and motion was overruled, and the court found that the intervener had no legal right or interest in the subject-matter of the suit, and the intervention was dismissed.

The appellant relies upon two assignments of error: (1) That the court erred in entering judgment in favor of the plaintiff and against the intervener; (2) that the court erred in failing to sustain the intervener's plea of res judicata, in that the court failed to hold that intervener's judgment in the district court of Tulsa county, Okl., against W. D. Benson, adjudicated the issues involved in the pending case as between W. D. Benson and the intervener.

■■■ The first assignment of error is too indefinite and general to present any question for decision. Vandeventer et al. v. Traders' National Bank (C. C. A.) 241 F. 584, 587; Stoffregen v. Moore (C. C. A.) 271 F. 680, 681; Arkansas Anthracite Coal & Land Co. v. Stokes (C. C. A.) 277 F. 625, 627. There was no error in overruling the so-called plea of a former judgment against W. D. Benson and in favor of the intervener, as alleged in the intervening petition, so far as the pleadings in this case are concerned, because the allegations of the intervening petition as to the existence of that judgment, and of Benson's notice of that suit were denied by the plaintiff's answer.

■■■ There is no bill of exceptions in this case. Appellant, in his præcipe to the clerk of the trial court for a transcript of the record on this appeal, asked him to include the certified copies of the record in the case of

J. P. Flanagan v. F. E. Clark et al., case No. 40694 in the district court for Tulsa county, Okl., and the clerk certifies that he found nothing in this case making a part of the record any certified copies of the record of the district court of Tulsa county, Okl., as called for by the præcipe, but that he had found in the case file, in an envelope marked "trial exhibits," what purported to be certified copies of such proceedings, and at the request of appellant's counsel he has included copies of such papers in his transcript. The district judge has not in any way certified that they were used in evidence. There are no copies in the record of the original notes sued upon, which were a part of the evidence offered by appellant upon the trial of the issues relating to the alleged former judgment.

The existence of the judgment pleaded by the intervener, the alleged notice by publication, and by mailing of a notice to the appellant, the appellant's notice of the alleged proceedings in the Oklahoma court, were put in issue by the pleadings. The journal entry shows that evidence was offered by the intervener as a part of the proceedings on the trial, seeking to support his allegations as to the existence, validity, and effect of the former judgment.

The method of preserving the record of such proceedings for the use of the appellate court is well established. In Chicago Great Western R. Co. v. LeValley, 233 F. 384, 387, this court, by Judge Sanborn, said:

"It is a familiar and an established rule of practice of the federal courts that in actions at law a bill of exceptions, stating the ruling and the exception, settled and signed by the trial judge, is indispensable to the review of rulings upon motions, oral or written, to strike out parts of pleadings, rulings upon motions based on affidavits or evidence and rulings on written or oral requests for instructions to the jury founded upon evidence. Dietz v. Lymer, 61 F. 792, 794, 10 C. C. A. 71, 73; Hildreth v. Grandin, 97 F. 870, 872, 38 C. C. A. 516, 518; Ghost v. United States, 168 F. 841, 842, 94 C. C. A. 253, 254; England v. Gebhardt, 112 U. S. 502, 504, 505, 5 S. Ct. 287, 28 L. Ed. 811; Evans v. Stettnisch, 149 U. S. 605, 13 S. Ct. 931, 37 L. Ed. 866; Metropolitan R. R. Co. v. District of Columbia, 195 U. S. 322, 324, 330, 25 S. Ct. 28, 49 L. Ed. 219. And neither the filing of a written motion founded on evidence, nor the recital by the clerk in his record of the proceedings of the trial of a case of such a motion, or of an exception to a ruling upon it, makes them a part of the record in the case, so that an appellate court may review the ruling. Thus in Dietz v. Lymer, 61 F. 794, 10 C. C. A. 71, and Ghost v. United States, 168 F. 841, 842, 94 C. C. A. 253, 254, this court held that a bill of exceptions was indispensable to make motions to strike out parts of pleadings parts of the records. In Hildreth v. Grandin, 97 F. 870, 872, 38 C. C. A. 516, 518, where an attempt was made to review an order on a motion founded on an affidavit and a judgment, this court declared that:

" 'When a motion is presented to a trial court which presents issues of fact for determination by that court on evidence adduced by the respective parties, the action of the trial court cannot be reviewed on a writ of error, unless a proper bill of exceptions, embodying the motion and the proofs, is duly settled, signed, and filed, so as to show to this court, in an authentic form, on what state of facts the action of the trial court was predicated.'

"In England v. Gebhardt, 112 U. S. 502, 503, 505, 5 S. Ct. 287, 288, 28 L. Ed. 811, the Supreme Court refused to review an order based on affidavits and the opinion of the court, all of which were filed in the court below and set forth in the transcript, and held that a bill of exceptions was essential to bring each of them into the record, although by one of the rules of that court a copy of the opinion filed was required to be and was annexed to and transmitted with the record. The court declared that the attachment and transmission of the opinion did not of itself make it a part of the record below and that 'the mere fact that a paper is found among the files in a cause does not of itself make it a part of the record. If not a part of the pleadings or process in a cause, it must be put into the record by some action of the court.' "

See, also, Preston v. Prather, 137 U. S. 604, 608, 11 S. Ct. 162, 34 L. Ed. 788; Canal & Claiborne St. Ry. Co. v. Hart, 114 U. S. 654, 662, 5 S. Ct. 1127, 29 L. Ed. 226; United States v. McNeil & Sons, 267 U. S. 302, 307, 45 S. Ct. 258, 69 L. Ed. 620; Ana Maria Co. v. Quinones, 254 U. S. 245, 247, 41 S. Ct. 110, 65 L. Ed. 246; Pauchet v. Bujac (C. C. A.) 281 F. 962, 966.

As the evidence upon which the trial court acted is not properly preserved in the record, and no error appears upon the face of the pleadings and judgment, the assignment of error must be overruled and the judgment affirmed.