VAUGHAN *v.* SCREETON.

Opinion delivered April 7, 1930.

*W. H. Gregory, Ross Mathis* and *J. F. Holtzendorff*, for appellant.

*W. A. Leach,* for appellees.

HUMPHREYS, J. This suit was brought by appellees against appellant in the chancery court of Prairie County, Northern District, to recover a personal judgment against him on a note for $14,420 and interest; and to foreclose a deed of trust of even date therewith conveying certain real estate in said county, executed by him to appellee, George J. Screeton, trustee, to secure the payment thereof. In aid of the collection of the note separate allegations and interrogatories and bonds were filed to obtain writs of garnishment against a number of persons supposed to be indebted to appellant.

The garnishees filed separate answers, some admitting and others denying indebtedness to appellant.

Appellant filed an answer admitting the execution of the note and deed of trust, but as defenses thereto pleaded want of consideration; and that if a complaint which had been filed in said court by the People's Bank of Searcy against H. C. Brown, the beneficiary in said deed of trust, H. L. Brown, and appellant as garnishee, should be sustained, then said note and deed of trust was executed to defraud creditors of H. L. Brown, and on that account was void. The complaint of the People's Bank was made a part of appellant's answer, and is as follows:

"On July 20, 1916, the bank recovered judgment against H. L. Brown and J. S. Yarnell in the sum of $4,500, with interest at the rate of 8 per cent. per annum; that shortly thereafter the defendant Yarnell died insolvent and nothing was recoverable from his estate; that the sum of $6,638.45 is now due upon said judgment, and that the same was revived on the 9th day of August, 1922. That, since said judgment was rendered, the defendant, H. L. Brown, made a loan to Emmet Vaughan of $14,420; that for the purpose of placing said funds beyond the reach of his creditors and in fraud of plaintiff's rights herein, the said H. L. Brown caused the Vaughan note to be made in the name of his son, H. C. Brown; that said note was secured by deed in trust sued on by the said H. C. Brown; that said loan was not made by the said H. C. Brown, but that the money belonged to H. L. Brown; that foreclosure proceedings have been instituted by the said H. C. Brown, and that the suit is now pending in this court; that the note executed by the said Emmet Vaughan and the deed of trust to secure it was made for the deliberate purpose of covering up the property of defendant H. L. Brown and defrauding his creditors.

"Prays that the amount of its indebtedness be declared a valid and subsisting judgment against H. L.

Brown; that H. C. Brown be declared a trustee for his father, and that writ of garnishment be issued against the said Emmet Vaughan to answer what sum he has in his hands or under his control belonging to the defendant, H. L. Brown.''

Appellant filed a motion to quash the writs of garnishment as well as a demurrer to them, each of which was overruled over his objection and exception.

The cause was submitted to the court upon the pleadings and testimony, resulting in a decree against appellant in the amount claimed, a foreclosure of the deed of trust, and judgment against Dr. J. H. Gipson as garnishee for $100 to be applied as a credit upon the judgment rendered against appellant, from which is this appeal.

Appellees introduced the note and deed of trust and in addition thereto the testimony of appellant, who testified in substance that in 1913 he entered into a contract with C. B. Brown through her husband H. L. Brown, to purchase and handle lands for them upon a basis of a division of the profits, they to advance the purchase money and he to render all services necessary in the purchase, handling and sale of the land; that in the progress of the business he became indebted to H. L. and C. B. Brown in proportions best known to them in the sum of $14,420; that on July 1, 1925, in payment thereof and at the direction of H. L. Brown, he executed the note and deed of trust in question to the son of H. L. Brown who was also the stepson of C. B. Brown, in order that, in the case of the death of H. L. Brown, the son would have something upon which to live; that as far as he knew C. B. Brown had no notice of this arrangement; that at the time he executed the note and deed of trust in question he owed H. C. Brown nothing, and that the whole amount constituted an indebtedness which he owed C. B. Brown and H. L. Brown growing out of the contract for the purchase, handling and sale of the lands aforesaid; that, after making the note and deed of trust

H. C. Brown at the instance of H. L. Brown, he loaned H. C. Brown $150; and that during all of the time, and at the present time he was and is solvent, owning much unencumbered property.

Appellant contends for a reversal of the decree upon the following grounds:

First: That the note and deed of trust is void for the want of consideration.

Second: That if the People's Bank should prevail in its action it must do so on proof that the deed of trust was given for the purpose of covering up the property of H. L. Brown, through his son H. C. Brown, so as to defraud the bank out of the value of its judgment and is, therefore, fraudulent and void.

Third: That the payment to H. C. Brown with the knowledge that the debt belonged to his father and step-mother would be no protection to appellant.

Fourth: That the garnishment proceedings were and are unlawful.

(1) There is no merit in the contention of appellant that the note and deed of trust are void for want of consideration. H. L. and C. B. Brown had a perfect right to give the indebtedness which appellant owed them to their son H. C. Brown, and in perfecting the gift to direct that appellant execute the note and deed of trust to their son. There is no principle better settled than that a maker's liability to a payee may be supported by a consideration coming from a third person who is not a party to the instrument. 8 C. J. 213, § 348; 7 Cyc. p. 691.

(2) The contention of appellant that the note and deed of trust were executed to defraud the creditors of H. L. Brown, and that same are void for that reason is not sound. The contention is not supported either by allegation or proof. Appellant did not allege in his answer that they were executed to defraud the creditors of H. L. Brown, but said that the People's Bank of Searcy had filed suit against H. L. and H. C. Brown and gar-

nished appellant, in which such an allegation was made by said bank. The allegation in appellant's answer was to the effect that, if the bank's suit was sustained, then and in that event the note and deed of trust in question would be void because executed for an immoral purpose and contrary to public policy. Appellant did not testify that the note and deed of trust were given for such purpose. We do not think, therefore, that the contention that the note and deed of trust were executed for an immoral purpose and contrary to public policy is supported by the contingent allegation in the answer, and certainly not supported by the proof when there was no proof introduced to sustain even the contingent allegation. The bank was not made a party to the instant suit, and, as far as this record reflects, there has never been any adjudication in favor of the bank to the effect that the note and deed of trust were executed for an immoral purpose.

The record is entirely silent relative to any fraud having been practiced upon Mrs. C. B. Brown by the execution of the note and deed of trust. According to the record, it seems that Mrs. C. B. Brown was perfectly willing for her stepson to have the note and deed of trust as she signed his bonds to procure writs of garnishment in the instant case.

(3) The record reflects that in the progress of the trial appellant suggested to the attorney for appellees that he make H. L. and C. B. Brown parties to the suit, because they were the real beneficiaries in the note and deed of trust instead of H. C. Brown. This would not be the case if it was the purpose of H. L. Brown and C. B. Brown to make a gift of the indebtedness to H. C. Brown. If, however, appellant was fearful, payment to the trustee for H. C. Brown would not protect him against a suit on the part of H. L. and C. B. Brown to recover the indebtedness from him, and to protect him against payments already made to them, he was at liberty to have made them parties himself, and to have

paid the money into the registry of the court to be paid to the true owners thereof. This he failed to do.

(4) We cannot agree with appellant that, because the complaint in the instant case did not allege the insolvency of appellant, or that the real estate described in the deed of trust was insufficient to pay the debt, the motion to quash the garnishment proceedings and the demurrer thereto were erroneously overruled. Such allegations in the complaint were not jurisdictional. *Bank of Eudora* v. *Ross,* 168 Ark. 754, 271 S. W. 703, is conclusive of this question. We find nothing in the law requiring a plaintiff to exhaust his security in the mort-gage before resorting to other proceedings. A plaintiff creditor may prosecute all remedies against a debtor with the right, of course, to only one satisfaction of the debt. In pursuing the remedies by garnishment it was not necessary to make the garnishees parties in the complaint. The proceedings by garnishment are only ancillary or additional rights to remedies of a creditor against his debtor, and it is not necessary to make garnishees parties to the suit or to pray relief in the complaint against them. *Tiger* v. *Rogers Cotton Cleaner & Gin Co.,* 96 Ark. 1, 130 S. W. 585, 30 L. R. A. N. S. 694, Ann. Cas. 1912B, 488.

No error appearing, the decree is in all things affirmed.

PER CURIAM. Counsel for appellant claims that we have ignored the provisions of § 1101 of the Digest relating to bringing in new parties, as construed by this court in *C. O. & G. Rd. Co.* v. *McConnell,* 74 Ark. 54, 84 S. W. 1043; *Westmoreland* v. *Plant,* 89 Ark. 147, 116 S. W. 188; and *Thompson* v. *Grace,* 91 Ark. 52, 120 S. W. 297, to the effect that it was the duty of the court to have brought into the case any party who does not willingly come and whose presence is necessary in order to protect the rights of those then before the court. In each of these cases the trial court was asked to bring in the new parties and refused to do so. In the case at bar,

appellant only suggested that H. L. and C. B. Brown be made parties, but did not ask the court to make them parties, and did not even seek a ruling of the court on his suggestion to counsel for plaintiff H. C. Brown to have them made parties.

In *Paris Mercantile Company* v. *Hunter,* 74 Ark. 615, 86 S. W. 808, it was held that the objection for want of necessary parties can not be raised on appeal if not raised in the trial court. In *Peeples* v. *Hayley-Beine & Co.,* 89 Ark. 252, 116 S. W. 197, it was held that where the beneficiary in a crop mortgage sued in equity to enforce a lien upon the surplus of the crop in the hands of a prior lienor, without making the trustee in his mortgage a party, the defect was waived unless the objection was made in the trial court. Again, in *Chapman & Dewey Land Co.* v. *Wilson,* 91 Ark. 30, 120 S. W. 391, it was held that a defect of parties is waived by failure of the appellant to object thereto in the trial court. So if appellant had a counterclaim or setoff against H. L. and C. B. Brown, as now claimed by him, as to transactions involved in this suit with H. C. Brown, he should have made a motion to make them parties in the lower court, so that the interest of all parties in the subject-matter of the suit could be settled. This appellant did not do, and he cannot now complain that the court below erred in not making on its own motion H. L. and C. B. Brown parties because appellant had suggested to counsel for H. C. Brown that he should make them parties.

We adhere to the views expressed in the original opinion, and the petition for rehearing must be denied.