## Mark H. WILSON et al *v.*
## Sharon Lynn White DECLERK

75-274                    533 S.W. 2d 196

Opinion delivered February 23, 1976

*Rose, Nash, Williamson, Carroll, Clay & Giroir,* for appellants.

*Homer Tanner,* for appellee.

Conley Byrd, Justice. Appellee Sharon Lynn White DeClerk brought this action against appellants, Mark H.

Wilson et al, who were the brother, mother, and two sisters of decedent Joan Irene Wordehoff, to enforce a contract between Joan Irene Wordehoff and her husband to make reciprocal wills. From a decree declaring that Joan Irene Wordehoff was bound to perform the obligations of her agreement with her deceased husband, appellants appeal making the contentions hereinafter discussed.

The record shows that Raymond B. Wordehoff and his wife, Joan Irene Wordehoff, visited the law office of J. Harrod Berry on October 3, 1968. There they expressed an agreement to execute reciprocal wills. They returned on the next day and executed both wills with J. Harrod Berry and his wife signing as witnesses. The husband's will provided:

> "*Item* 6.   My wife and I have agreed to execute identical wills and this will is in accordance with said agreement, and we have agreed that reasonable advance notice will be given the other before making any substantial change in the will."

The wife's will provided:

> "*Item 6.* My husband and I have agreed to execute identical wills and this will is in accordance with said agreement, and we have agreed that reasonable advance notice will be given the other before making any substantial change in the will."

Raymond B. Wordehoff died on February 7, 1973, and his wife, Joan Irene Wordehoff, caused his will to be probated. Subsequently, an order of the probate court was entered in the Estate of Raymond B. Wordehoff dismissing the probate of the will because there was "no real property subject to the probate of this Estate and the petitioner has personally assumed all obligations of the decedent, and that the petitioner and the decedent were married more than three years and the decedent has no children." Joan Irene Wordehoff died January 16, 1975, as the result of a fire that destroyed her home.

We find no merit in appellants' contention that the con-

tract to make the will has not been proven by evidence which is clear, cogent and convincing. The testimony by J. Harrod Berry, based upon both his recollection and the notes he made at the time, that the parties executed the wills in his office is rather conclusive as to the execution of the wills and the parties intentions at the time. Furthermore, the language in item #6 of each will leaves no doubt that the parties had an agreement at the time. Under that language the wife, after the death of the husband, could not renege on the agreement because of the impossibility of giving reasonable advance notice to her deceased husband.

Neither do we find any merit in the contention that the contract was unenforceable under the statute of frauds. Since the agreement to make reciprocal wills was embodied in both wills and each party executed his or her will in writing, the defense under the statute of frauds is not available.

Appellants also contend that Joan Irene Wordehoff died intestate and that her estate should pass according to statute. Whether Mrs. Wordehoff died intestate is a matter that must be decided by the probate court in a proper proceeding, but, of course, the statute on descent and distribution will not take priority over the contractual agreement.

The parties hereto have suggested on appeal that the personal representative of the estate of Mrs. Wordehoff should have been made a party to this proceeding. However, the failure to raise the issue in the trial court amounts to a waiver of the necessity of making the personal representative a party. See *Vaughan v. Screeton*, 181 Ark. 511, 27 S.W. 2d 789 (1930). This, of course, will not prevent the declaratory judgment from being binding on the heirs and distributees that are parties.

Affirmed.