B. Dewey FITZHUGH *v.* COMMITTEE ON
PROFESSIONAL CONDUCT

90-219                                    823 S.W.2d 897

Supreme Court of Arkansas
Opinion delivered February 10, 1992

314

*Darrell F. Brown & Assoc., P.A.*, by: *Darrell F. Brown*, for appellant.

*Hilburn, Calhoun, Harper, Pruniski & Calhoun, Ltd.*, by: *John C. Calhoun, Jr.*, and *Dorcy Kyle Corbin*, for appellee.

ROBERT S. HARGRAVES, Special Justice. This is an appeal from the decision of the Committee on Professional Conduct cautioning appellant for violation of the Model Rules of Professional Conduct governing ex parte communications.

Appellant, an attorney, represented Jean Hayes in a civil action filed against her by Service Finance Corporation for a debt resulting from a prior hospitalization. Ms. Hayes subsequently filed a third party complaint in the same action against her employer, Urban League of Arkansas, alleging it failed to provide health insurance as required by her employment contract which would have paid the debt for which she had been sued. Service Finance Corporation obtained a summary judgment on its complaint against Ms. Hayes and Ms. Hayes subsequently won a jury verdict on her third party complaint against the Urban League.

Ms. Hayes then filed writs of garnishment against Urban League's bank accounts at First Commercial Bank and Worthen Bank. Some months later, Service Finance Corporation filed a writ of garnishment against Ms. Hayes' wages due her from the Urban League. Urban League objected to the garnishment of its bank accounts on the basis that the funds on deposit were exempt. Ms. Hayes also filed an objection to the garnishment of her wages arguing that if the Urban League's accounts were exempt, then her wages which were to be paid out of those accounts should

likewise be exempt.

All of these proceedings were filed under one docket number in the Pulaski County Circuit Court.

Judge David Bogard conducted a consolidated hearing on all three garnishments on August 14, 1987. Service Finance Corporation and its attorney, Julius Acchione, the Urban League and its attorney, Zimmery Crutcher, and Ms. Hayes and her attorney, Mr. Fitzhugh, were all present and participated in the hearing. Judge Bogard found the Urban League's funds in one account were exempt but the funds on deposit at Worthen Bank were subject to garnishment, as were Ms. Hayes' wages from the Urban League. After stating his decision, Judge Bogard remarked: "That'll be my judgment. Draw it up, gentlemen".

By agreement with Mr. Acchione, Mr. Fitzhugh prepared a precedent which included all parties in the style of the case and which disposed of all the issues addressed at the August 14 hearing. The precedent also provided signature lines for the three attorneys involved in the case. For reasons of form, Mr. Acchione requested Mr. Fitzhugh to make certain revisions to the precedent. Mr. Fitzhugh revised the precedent, signed it, and sent it to Mr. Acchione for approval and entry.

While the revised precedent was at Mr. Acchione's office, Mr. Fitzhugh prepared yet another precedent based on the findings of the August 14 hearing but which provided recovery only for his client of the funds in the Urban League's account. This precedent omitted Service Finance Corporation in the style of the case and did not reflect it was a party to the action, nor did it make any provision for Service Finance Corporation's judgment of its garnishment. Without any notice to Mr. Acchione, Mr. Fitzhugh obtained the signature of Mr. Crutcher and delivered the precedent to the trial court on the afternoon of September 10, 1987. Judge Bogard was not in his office that day and the judgment was left with Special Judge Anna Belle Clinton who was sitting for Judge Bogard. Although Mr. Fitzhugh was aware the precedent had been submitted to Judge Clinton, he made no effort to inform her of the material facts of the proceedings. Judge Clinton signed the judgement and Mr. Fitzhugh immediately used it to collect the funds which had been garnished at Worthen Bank.

A few days later, Mr. Acchione presented to Judge Bogard the precedent previously forwarded to him by Mr. Fitzhugh. After this judgment had been signed and entered by Judge Bogard, Mr. Acchione learned that the funds in Worthen Bank had already been paid to Mr. Fitzhugh pursuant to the judgment entered by Judge Clinton.

Service Finance Corporation filed a complaint against Mr. Fitzhugh with the Committee on Professional Ethics. The executive secretary of the Committee forwarded a copy of the complaint and supporting affidavits to Mr. Fitzhugh notifying him that the allegations seemed to be governed by Rules 3.3, 3.4, 3.5, 4.1, and 8.4 of the Model Rules of Professional Conduct. Appellant did not request a hearing before the Committee but responded by affidavit. Based on the written submissions, the Committee found appellant in violation of Rule 8.4(d) for conduct prejudicial to the administration of justice.

As permitted by the Rules, appellant then requested a public hearing before the Committee. At the conclusion of that hearing, the Committee ruled that appellant improperly had ex parte communications with the trial court in violation of Rules 3.3(d) and 3.5(b) of the Model Rules of Professional Conduct. A letter of caution was issued by the Committee disciplining appellant for his conduct.

Appellant seeks reversal of the Committee's actions on four points. He contends: (1) the garnishments were the result of a separate action and did not require approval by a person not a party to that action; (2) the presentation of a separate judgment to Special Judge Anna Belle Clinton was not an ex parte proceeding; (3) he was denied due process by the Committee; and (4) the decision of the Committee was clearly against the preponderance of the evidence.

Rule 3.3 of the Model Rules pertains to candor toward the tribunal. Subsection (d) of that Rule provides:

> In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.

Rule 3.5 pertains to impartiality and decorum of the tribunal

and provides:

> A lawyer shall not:
>
> (a)   seek to influence a judge, juror, prospective juror or other official by means prohibited by law;
>
> (b)   communicate ex parte with such person on the merits of the cause except as permitted by law.

■   A judicial proceeding, including the entry of an order, is ex parte when it is taken or granted at the instance and for the benefit of one party only, and without notice to, or contest by, any person adversely interested. *Black's Law Dictionary*, (5th Ed. 1979).

Appellant first argues that his client's garnishments were separate and distinct from the garnishments of Service Finance Corporation and therefore Rule 58 of the Arkansas Rules of Civil Procedure required him to set forth the Court's decision on his garnishments in a separate document. Appellant's reliance on Rule 58 is misplaced. The Rule clearly states it is subject to the provisions of Rule 54(b) which requires in a case where there are multiple parties that a single judgment embody the ruling of the court with respect to all parties, unless the court expressly directs the entry of a partial judgment.

■   We do not believe the circumstances which existed in the trial court permitted appellant to make a good faith conclusion that Rule 58 required him to submit a precedent which governed only his garnishments. The proceedings in the trial court involved multiple parties and multiple claims and were conducted under one docket number. The August 14 hearing on the propriety of all the garnishments involved common questions of law and fact. Furthermore, this Court has long held that a garnishment in this state is an ancillary proceeding, not a separate action. *Vaughn* v. *Screeton*, 181 Ark. 511 (1930); *Tiger* v. *Rogers Cotton Cleaner and Gin Company*, 96 Ark. 1 (1910).

■   Appellant next argues he could not have violated the rules concerning ex parte communications since he only delivered the precedent to the trial court but did not communicate with the Court on the merits of the case. Appellant does not dispute that he agreed with Mr. Acchione at the conclusion of the August 14

hearing to prepare a single judgment. He did in fact prepare, sign and forward to Mr. Acchione such a precedent for his approval and submission. Appellant admitted to the Committee he knew Mr. Acchione claimed an interest in his garnishments. Nevertheless, without any notice to Mr. Acchione, appellant prepared and submitted a precedent to the special judge without any disclosure whatsoever of the material facts. Appellant acknowledged before the Committee all of this was done for the express purpose of obtaining the funds at Worthen Bank for his client before Mr. Acchione could effectuate a lien for Service Finance Corporation on the proceeds of Ms. Hayes' garnishment. Appellant attempted to justify his conduct on the basis that he was simply protecting the interest of his client.

We are not insensitive to the demands made on or perceived by lawyers to protect the interests of their clients. Nevertheless, if the legal profession is to retain the unique privilege of self-regulation, our ethical standards must not be compromised under the guise of protecting the interests of clients.

We cannot ignore the means by which Mr. Fitzhugh gained an advantage for his client. We agree with the Committee that he had a duty to disclose to the special judge all the material facts of the case and his failure to do so violated the clear wording, as well as the spirit, of the rules of conduct.

Lastly, appellant argues he was denied due process by the Committee because of its failure to properly notice him of the alleged violations which would be considered at the public hearing. Appellant contends the Committee's original decision finding him to have violated Rule 8.4(d) limited the scope of the public hearing only to that issue. Because the ultimate decision of the Committee was based on Rule 3.3(d) and 3.5(b), appellant argues he was deprived of due process since he was prepared to defend only the alleged violations of Rule 8.4(d).

At the time the complaint and affidavits were originally forwarded to appellant, the executive secretary advised him that his conduct appeared to be governed by Rules 3.3, 3.4, 3.5, 4.1 and 8.4 of the Model Rules of Professional Conduct. The complaint and affidavits, as well as the notice by the executive secretary, clearly and sufficiently advised appellant of the conduct complained of and the facts supporting the complaint.

The Committee's rules of procedure specifically provide that upon a request for a public hearing the written ballots previously cast will have no force or effect at the hearing. *Rules of Professional Conduct,* Rule 5(d)(2). It is obvious from the record of the public hearing that appellant was fully aware that the issue before the Committee centered on his actions of submitting the precedent to the trial court. One of the Committee members even asked appellant to reconcile his conduct with Rule 3.5(b). Neither appellant nor his attorney made any objection to that inquiry. Instead, appellant accepted the opportunity to submit evidence concerning the allegations of his misconduct based upon Rule 3.3(d) and 3.5(b). Appellant made no claim of prejudice during the proceedings before the Committee and he has failed to demonstrate to this Court how he was prejudiced in any way by the Committee's actions.

Affirmed.

Special Justice WILLIAM I. PREWETT joins in this opinion.

CORBIN and BROWN, JJ., not participating.